## MOORES *v.* NATIONAL BANK.

1. The construction given by the Supreme Court of a State to a statute of limitations of the State will be followed by this court in a case decided the other way in the Circuit Court before the decision of the State court.
2. The erroneous sustaining of a demurrer to a replication to one of several defences in the answer requires the reversal of a final judgment for the defendant, which is not clearly shown by the record to have proceeded upon other grounds.

ERROR to the Circuit Court of the United States for the Southern District of Ohio.

The action was brought by Caroline A. Moores against the Citizens' National Bank of Piqua, in March, 1873. The amended petition, filed on the 11th of February, 1874, and subsequently amended by leave of court in some particulars, after a motion of the defendant to require the plaintiff to make it more specific, alleged that the defendant was a banking corporation duly incorporated under the laws of the United States in 1864, with a capital stock of one thousand shares of one hundred dollars each, of which the whole was paid in, and certificates issued to the stockholders; that on the 15th of July, 1867, G. Volney Dorsey was president and Robert B. Moores was cashier, and they were charged with the keeping of its transfer books and the issue of certificates of stock; that on that day Robert B. Moores represented himself to the plaintiff, and appeared on the books of the bank, to be the owner of more than ninety-one shares, and she purchased of him ninety-one shares, and paid him therefor the sum of $9,100 in money, and he, as cashier and stockholder, falsely and fraudulently represented to her that he had, in consideration of such purchase and payment by her, assigned and transferred the ninety-one shares to her on the books of the bank, and thereupon Dorsey as president, and Robert B. Moores as cashier, signed and issued to her a certificate therefor in the usual form, that the plaintiff believed and relied upon the representations of Robert B. Moores, as cashier and stockholder, that the stock had been duly transferred by him to her on the books of the bank, and that the certificate was duly issued and was valid; that she was recognized as a stockholder for that amount of stock until

on or after the 1st of January, 1873, when she first learned that the defendant disputed the validity of the certificate, denied that any transfer had been made to her upon its books, and refused to recognize her as a stockholder; that after the issue of the certificate to her the defendant fraudulently permitted and procured Robert B. Moores to make on its books transfers of all the stock owned by him, or standing in his name, to Dorsey, its president, for its benefit, and refused, and still refuses, to recognize the plaintiff as owner of the stock, or to recognize the validity of the certificate ; that the facts that no transfer had been made to the plaintiff on the books of the bank at the time of the issue and delivery of the certificate to her, that the certificate was not authorized by the bank or recognized by it as valid, and that the stock standing in the name of Robert B. Moores had been transferred on the books to its president, were fraudulently concealed by the defendant, through its cashier, Robert B. Moores, and she was aware of no circumstances calling for inquiry on her part until after the 1st of January, 1873 ; that, by reason of the fraudulent conduct and acts aforesaid of the defendant, the certificate was invalid and worthless in her hands, and she had lost the sum of \$9,100 paid by her therefor; and that the defendant had been requested by the plaintiff to repay or reimburse that sum to her, or to recognize the validity of the certificate, and had refused so to do.

The defendant filed an answer, setting up three grounds of defence : 1st, Averring that the plaintiff's alleged cause of action did not accrue within four years next preceding the commencement of the action ; and denying that the plaintiff was ignorant of the facts set forth in her petition, if they existed, or of facts which called upon her to inquire as to the validity of the certificate, until the 1st of January, 1873, or any other date after the 15th of July, 1867. 2d, Averring that, pursuant to an agreement made by the plaintiff and her husband with Robert B. Moores and William B. Moores on the 15th of July, 1867, which the defendant had no knowledge of, interest in, or connection with, the sum of \$9,100 had been repaid to the plaintiff by William for the paper purporting to be a certificate of stock, and Robert had thereby become en-

titled to take up the same.    3d, Averring that the paper pur-
porting to be a certificate of stock was executed and delivered
by Robert to the plaintiff, in violation of his duty, and without
the knowledge or consent of Dorsey or any other officer of the
defendant; that, according to the defendant's rules and usages,
no one could procure a certificate of stock without the contem-
poraneous surrender of a certificate for an equal amount for
cancellation.; and that before the 15th of July, 1867, all the
shares previously held by Robert had been transferred by him,
and on the books of the bank, to other persons.

The plaintiff replied, alleging, as to the first ground of de-
fence, *first,* that at and before the 15th of July, 1867, and
ever since, she was a married woman; and, *second,* that the
cause of action did accrue within four years; and, as to the
second ground of defence, denying the agreement and payment
therein alleged; and demurred to the third ground of defence.
And the defendant demurred to both the replies, for the reason
that they did not constitute good replies to the first ground of
defence.

The court ordered that the defendant's demurrer to the
plaintiff's first reply to the first ground of defence be sus-
tained, to which the plaintiff excepted; ordered that the de-
fendant's demurrer to the plaintiff's second reply to the first
ground of defence be overruled, to which the defendant ex-
cepted; ordered that the plaintiff's demurrer to the third
ground of defence be sustained, to which the defendant also
excepted; and gave the parties leave to plead within thirty
days, which did not appear to have been availed of.

The defendant afterwards, by leave of court, in lieu of the
third ground of defence, filed an amendment of the answer,
denying that Dorsey had any connection with the transaction
alleged in the petition, or that he issued to the plaintiff the
certificate therein set forth, or that Robert B. Moores, as its
cashier, or in his official capacity, issued the certificate to her,
or that he held any certificate of stock in the bank on the 15th
of July, 1867, or at any time thereafter; alleging that, accord-
ing to its rules and usages, no one was entitled to receive a
certificate of ownership of shares without the surrender of
a certificate of corresponding amount for cancellation, all of

which was well known to the plaintiff; and denying generally all allegations of fraud or negligence contained in the petition. And it was ordered by the court that "the default herein" (of which there was no previous mention in the record) be set aside, and the plaintiff have leave to reply; and she did reply, joining issue on the denials and denying the allegations of the amended answer.

The record stated that the parties afterwards, by their attorneys, filed a written stipulation waiving a jury, and "submitted the case to the court upon the issue joined. On consideration whereof the court find the issues to be in favor of the defendant, to which finding the plaintiff by her attorneys excepts." The bill of exceptions presented by the plaintiff, and allowed by the judge presiding at the trial, stated that the case was submitted to the court upon all the evidence (which was in writing and annexed to the bill), and "thereupon the court found for the defendant, to which the plaintiff excepted."

The Civil Code of Ohio of 1853, in the chapter concerning the limitation of personal actions, provided that the following actions should be brought within four years next after the cause of action shall have accrued, namely, "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated;" and "an action for relief on the ground of fraud; the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud" (sects. 12, 15); and that "if a person entitled to bring any action mentioned in this chapter, except for a penalty or forfeiture, be, at the time the cause of action accrued, within the age of twenty-one years, a married woman, insane or imprisoned, every such person shall be entitled to bring such action within the respective times limited by this chapter, after such disability shall be removed" (sect. 19); and, in the chapter concerning parties to civil actions, provided that "where a married woman is a party, her husband must be joined with her; except, when the action concerns her separate property, she may sue without her husband, by her next friend; when the action is between herself and her husband, she may sue or be sued alone; but in every such action other than for a divorce or alimony, she shall prosecute and defend

by her next friend." Sect. 28. 2 Rev. Stat. of Ohio (Swan & Critchfield's ed.), 947, 949, 953. The section last cited has been amended by the act of April 15, 1870, sect. 1, by providing that in actions concerning her separate property she may sue and be sued alone, and shall in no case be required to promote or defend by her next friend. 67 Ohio Laws, 111.

The case was argued by *Mr. Edward W. Kittredge* and *Mr. Alonzo Taft* for the plaintiff in error, and by *Mr. William M. Ramsey* for the defendant in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The principal embarrassment in this case arises from the difficulty of ascertaining from the prolix and obscure record what was actually decided in the court below.

The decision of that court sustaining the demurrer to the plaintiff's first reply to the first ground of defence was based upon the position that the exception in the statute of limitations of Ohio in favor of a married woman was repealed by the statute of 1870, by which it was enacted that a married woman might sue alone in actions concerning her separate property. That decision was in accordance with an opinion of the majority of the Superior Court of Cincinnati in *Ong* v. *Sumner*, 1 Cincinnati Superior Court, 424, which appears to have been the only decision upon the question in the courts of Ohio at the time of the trial of the present case in the Circuit Court. But in *Lawrence Railroad* v. *Cobb* (35 Ohio St. 94), the Supreme Court of Ohio has since adjudged that, even if the statute of 1870 withdrew the protection of coverture (a point which it did not decide), yet the action of a married woman was not barred until four years after the passage of this statute; and the construction thus given to the statute by the highest court of the State should be followed by this court. *Tioga Railroad* v. *Blossburg & Corning Railroad*, 20 Wall. 137; *Kibbe* v. *Ditto*, 93 U. S. 674; *Fairfield* v. *County of Gallatin*, 100 id. 47.

It follows that the order sustaining the demurrer to the plaintiff's first reply was erroneous, and that the judgment

below in favor of the defendant must be reversed, unless it clearly appears that the plaintiff was not prejudiced by the error. *Deery* v. *Cray*, 5 Wall. 795; *Knox County Bank* v. *Lloyd*, 18 Ohio St. 353.

To the first ground of defence stated in the answer, namely, that the cause of action did not accrue within four years, the plaintiff had made two replies: the first, in the nature of confession and avoidance, that she was a married woman; the second, in the nature of a traverse, that the action did accrue within four years. This allegation of fact in the second reply cannot affect the issue of law raised by the defendant's demurrer to the first reply. After that demurrer had been sustained, the case, as was assumed and contended by the learned counsel for the defendant at the argument, presented three issues: *First*, Whether the cause of action accrued within four years. *Second*, Whether there had been a payment, as alleged in the second ground of offence. *Third*, Upon the third ground of defence, which included a general denial of all the material allegations in the petition.

A verdict of a jury, or, where a trial by jury is waived, a finding by the court, upon any one of these issues, would be sufficient to sustain a general finding for the defendant, and would render the other issues of fact immaterial. The bill of exceptions merely states generally that "the court found for the defendant;" and the statement in the record, that under a submission "upon the issue joined" the court found "the issues" to be in favor of the defendant, is too ambiguous to enlarge the effect of the general finding as stated in the bill of exceptions.

The sustaining of the demurrer to the plaintiff's first reply deprived her of the right to insist upon the ground of action, which was open under the petition, that the defendant, more than four years before the action was brought, permitted and procured the transfer upon its books to other persons of shares of which the plaintiff held the certificate (*Bank* v. *Lanier*, 11 Wall. 369; *Telegraph Company* v. *Davenport*, 97 U. S. 369); and limited her, so far as regarded the first ground of defence, to proof of a cause of action accruing within the four years. The general finding in favor of the defendant may have pro-

ceeded solely upon that ground of defence, without touching the second and third grounds.

The defendant therefore fails to show that the error in sustaining its demurrer did not prejudice the plaintiff, and consequently the judgment must be reversed and a

*New trial ordered.*

MR. JUSTICE MATTHEWS did not sit in this case.