## The St. Louis, Peoria and Northern Railway Co.

### *v.*

### John J. Dorsey, Admr.

*Opinion filed February 20, 1901.*

1. **Evidence**—*when evidence of condition of appliance before and after accident is proper.* In an action against a railroad company for negligence in not providing a carrier-iron for the brake-staff on a flat car, evidence that there was no carrier-iron on the car shortly before and after the accident is proper, where there is nothing to indicate that a change in the brake appliance had or might have occurred between the time of the accident and the time the witnesses examined it.

2. **Same**—*widow may testify that deceased husband supported her.* In an action against a railroad company for negligently causing the death of an employee, it is proper to permit the widow of deceased to testify that he supported her. (*Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge*, 174 Ill. 330, distinguished.)

3. **Same**—*what admissible to rebut inference of negligence by deceased.* In an action for the death of a brakeman, caused by the breaking of a casting holding the brake-staff to a flat car, where the defendant has attempted to show that the brakeman was careless in that he swung himself clear around the brake, it is proper to permit the engineer to testify that the engine brake was not working, thereby leaving the flat car brake the only one available, which fact would necessitate an unusual effort to set the brake tightly enough to stop the train.

*St. L., P. & N. Ry. Co.* v. *Dorsey*, 89 Ill. App. 555, affirmed.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. James A. Creighton, Judge, presiding.

Appellee, John J. Dorsey, as administrator of the estate of William H. Shrigley, deceased, sued appellant, the St. Louis, Peoria and Northern Railway Company, in an action on the case to recover damages for causing the death of his intestate. The declaration contains one count, charging that appellant negligently and carelessly failed to have one of its cars,—a flat car,—upon which the deceased was employed as brakeman, "equipped with

safe and suitable brake appliances, in this: that the brake-staff, which extended about three and one-half feet above the deck of said car, was secured to the end sill thereof by a defective casting, which broke by reason of its defects, and was not supplied with a carrier-iron, through which the said brake-staff should have passed in order to prevent it from falling over in case the casting might break, and precipitating the brakeman to the ground," and "that by reason of the failure to provide the said carrier-iron on said car the same was then and there defective in construction and unsafe, and by means of said defective casting to hold said brake-staff to the end sill, and of the defective construction of said car in failing to supply the said carrier-iron, the injury and death of the said William H. Shrigley was occasioned;" that appellant had notice of said defects or by the exercise of due care and diligence could have known of them, the same being unknown to the deceased.

The facts are: On the morning of February 10, 1898, the deceased was a brakeman on a construction train of appellant, which was engaged in building its line of railway between Springfield and Pekin. He had been with the train about four weeks. They came into Springfield every Saturday night and went out each Sunday night, making headquarters at Pekin during the week. Early on the morning of February 10 said construction train, consisting of an engine, a water-tank car, tool car and caboose, backed out from Pekin to Myers' station, some six miles south of Pekin, where they were to take some flat cars from a switch and put them between the water-tank car and the tool car and caboose, on which the construction gang were. The track there runs north and south, and the engine and tank car were on the north end of the train. Deceased cut off the caboose and tool car and they were "kicked" on the main track south of the switch, and he then set the brake, which was on the south end of the tank car, expecting to stop the engine

and tank car, to go in on the switch for the flats. While swinging on and setting the brake on the south end of the tank car the casting which held the brake-rod to the car broke off, and he was thrown from and in front of the cars and run over and killed. No one saw him fall except John W. White, who says he "saw him take hold of the brake and swing *plumb round* on it, and something broke and he fell." He says he was standing about the center of the brake and swung himself out over the end of the car. His body was under the engine when the train was stopped. The casting which held the brake-staff to the end of the car was found broken, and the brake-staff wheel and chain and other brake apparatus were broken and thrown onto the track.

Issue was joined upon a plea of not guilty by the appellant, and the case was tried by a jury, resulting in a verdict and judgment against appellant for $3500 damages. On appeal to the Appellate Court the judgment was sustained, and the appellant now prosecutes this further appeal, assigning as error the admission of improper evidence by the trial court and the giving of improper instructions for appellee.

CONKLING & GROUT, for appellant.

BROWN, WHEELER, BROWN & HAY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant contends the trial court erred in permitting the conductor of the train by which the deceased was killed to testify as to the result of his examination of the car for a carrier-iron the next day after the accident, and in permitting one Hysler, who was at the time car inspector for appellant, to testify to the condition of the car on the Sunday following the accident, on Thursday, both of these witnesses testifying that at the time they examined the car there was no brake carrier-iron on it.

We think it was not error to admit this testimony as tending to show the absence of the brake carrier-iron at the time of the accident, particularly when this testimony is coupled with that of Stevens, the conductor, that he picked up the pieces of the broken brake, and with the testimony of Hysler, that the car was in the shop for repairs on the Sunday prior to the accident and that there was no brake carrier-iron on it at that time and that he did not put one on. The condition of the brake apparatus at the exact time of the accident was, of course, the material inquiry, but evidence as to its condition shortly before or after that time would fairly tend to prove its condition at the particular moment of the accident. There is nothing in the evidence to the effect that changes did occur or might have occurred in the brake appliance after the accident and the time the witnesses saw it. We think the testimony was competent. The weight to be given it was for the jury to determine.

The contention of appellant that it was error to permit the widow to testify that she was supported by the deceased, her husband, is fully answered by the cases of *Chicago and Alton Railroad Co.* v. *May*, 108 Ill. 288, *Pennsylvania Co.* v. *Keane*, 143 id. 172, and *Swift & Co.* v. *Foster*, 163 id. 50. The case of *Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge*, 174 Ill. 330, does not conflict with or purport to overrule those cases. There was no attempt in this case to show the poverty, helplessness or dependence of the widow, but merely to show that she was supported by her husband, which was clearly not improper in view of the foregoing decisions.

It is also urged that it was error to permit Tobin, the engineer of the train by which the deceased was killed, to testify as to the brake equipment on the engine, such evidence, as contended, being immaterial. He testified that the engine brakes were not in working order. The defendant attempted to show that the deceased was careless in the manner in which he operated the brake on the

flat car, but the engineer testified that the brake which the deceased was operating was the only brake on the train at the time of the accident, the one on the engine not being in working order. We think the testimony was admissible for the purpose of showing the necessity for an unusual effort on the part of the decedent in applying the brake, and as tending to rebut the inference of want of due care on his part. The question before the jury was as to the sufficiency of the braking apparatus on the flat car, and evidence tending to show that by reason of the condition of other brakes on the train an unusual strain was necessary to be put upon the one in use by the deceased was competent on the question of negligence.

Five instructions were given at the instance of the plaintiff, to each of which appellant objects. It is not claimed that either of them announced erroneous rules of law, but that in view of the evidence,—or, as is said, absence of evidence,—upon which to base them, they were calculated to mislead the jury to the prejudice of the defendant. There is some confusion in the evidence as to the office of what is termed the "carrier-iron," and its use as an appliance to render the brake reasonably safe for use, and the allegation of the declaration is not altogether clear in that regard; but we think there can be no serious doubt, from the evidence in the case, that the absence of the carrier-iron upon the brake in question would have the effect of rendering it unsafe. It was not necessary, under the allegations of the declaration, that the plaintiff should prove that the casting at the end of the sill was defective, and also that there was no carrier-iron through which the brake or staff passed. If the absence of the carrier-iron produced a strain upon the casting, even though not defective, which caused it to break, then the plaintiff was entitled to recover, and in this view of the declaration the instructions correctly announced the law. We do not think it can be successfully urged that the instructions, as a series, were not

fair to defendant, or that a different result would have been obtained had those given on behalf of the plaintiff been modified, as insisted upon by appellant.

On the whole record there is no reversible error. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*