## Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Frank T. Kinnare, Adm'r.

1. EVIDENCE—*Showing Necessitous Condition of Widow and Next of Kin in Actions for Death by Negligent Act.*—In an action by an administrator to recover loss sustained by the widow and next of kin on account of his decedent's death, it is not error to show that the widow or next of kin was dependent or actually received support from the deceased, but it is error to show the necessitous condition of the widow and next of kin, as that they or some of them are blind, palsied, deaf or crippled

**Trespass on the Case.**—Death from negligent act.   Appeal from the
Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge pre-
siding.   Heard in the Branch Appellate Court at the October term,
1901.   Affirmed.   Opinion filed January 30, 1903.

This is an appeal from a judgment in a suit brought by
the administrator of Thomas Mann, deceased, to recover
loss sustained by his widow and next of kin on account of
his death, which is said to have been caused by appellant.

The declaration states that the deceased, being a switch-
man in the employ of the Chicago Terminal Transfer Rail-
road Company, on the 6th of April, 1900, while engaged in
his work for such company, was standing in such proximity
to appellant's track that an engine belonging to it could not
be run by him without striking him; that appellant, know-
ing the perilous condition of said Thomas Mann, then and
there recklessly, willfully and wantonly backed its engine
along its track without giving any warning of its approach
by ringing a bell, contrary to an ordinance of the city of
Chicago, and by reason of said negligent and willful act of
the defendant, the said engine ran against the deceased and
thereby injured him so that he died.

The second count of the declaration charges that appel-
lant, knowing the danger of the deceased, recklessly, wan-
tonly and willfully started up and backed its engine along its
track upon and against the deceased, whereby he was run
over and so injured that he died.

The third count is much like the first, except it charges
that the engineer of appellant saw the deceased in a peril-
ous position, and by ordinary care could have avoided
injuring him, but negligently failed to do so.   As a result
of the trial there was a verdict and judgment for the
plaintiff for $5,000.

Upon the trial it appeared that in the yard where the
deceased was working were tracks of several railroad com-
panies, among them that of the Chicago Terminal Com-
pany and that of appellant; that a short time before the
deceased was struck he had thrown a switch on the tracks
of the terminal company, that switch being between the

terminal track and the track of appellant; that after he threw the switch he stepped back, that is, stepped westward toward the east rail of appellant's track and looked toward the northeast. He seems then to have taken a book out of his pocket and to have been struck while making some memoranda therein, probably the number of an engine which had passed. In so stepping back he came so near to appellant's track that its engine proceeding northward struck him, inflicting injuries from which he died. The space between the tracks of the terminal company and those of appellant at the place where the deceased was when injured, was between ten and eleven feet, and there was no mark or line showing the division between appellant's grounds and those of the terminal company.

Appellant contends that the deceased stepped back so close to its track that he was struck by its engine proceeding northward, and that such stepping back was just before the engine reached him, and when its engineer, running its engine, it proceeding backward, could not see him from the cab in which he stood operating his engine. The fireman attached to appellant's engine was not on it at the time of or immediately before the injury.

Appellant introduced evidence tending to show that the construction of its engine was such that when its engineer stood in his proper place therein, it proceeding backward, he could not see a person upon its track in front of the direction in which it was going, if he were nearer than seventy feet from such engine; that when its engineer saw deceased he was from 150 to 200 feet from the engine, going northward, as was the locomotive, and that at that time he was between its track and that of the terminal company, and thus in a place where, had he remained, appellant's engine proceeding northward would have passed without injury to him.

There was a sharp conflict in the testimony as to whether the bell upon appellant's engine was ringing as it proceeded northward and when it struck the deceased. An ordinance of the city requires that the bell of each locomotive engine shall be rung continually while running within the city.

GEORGE WILLARD, attorney for appellant.

W. S. JOHNSON, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Appellant contends that the deceased, at the time of his injury, was trespassing upon its tracks, and that it therefore owed to him no duty, except to refrain from wantonly or willfully doing him harm. The deceased undoubtedly was, when struck by appellant's engine, upon its right of way, and in a place where he ought not to have been. He was not in the vicinity of appellant's tracks as a mere interloper having no business there. He was a switchman working in a yard, along the surface of which ran the tracks of a number of companies, by one of which the deceased was injured.

The weight of the evidence seems to be that the deceased, but a very short time before he was struck, did in the discharge of his duties, step backward so that he came so near appellant's track that he was struck by its engine; and the weight of the evidence also seems to be that appellant's engineer, from his proper place in its engine, when it was backing, could not see one who was nearer than seventy feet from it in the direction in which it was going. The evidence was such that the jury had a right to find that the bell upon appellant's engine was not being rung as it proceeded northward, and it may be that had said bell been rung, the attention of the deceased would have been called to the approach of the engine, and he being so warned would have escaped injury.

The weight of the evidence also seems to be that appellant's engineer, proceeding backward, saw the deceased about 150 feet to the north and quite close to appellant's track, in a place where, as a matter of common prudence, he should have been warned by the ringing of the bell of the approach of appellant's engine, in order that he, not knowing thereof, might not, as he probably did, step back so close to appellant's track that he was struck by an engine of whose proximity and approach he was ignorant. The

ordinance of the city requiring the ringing of the loco-
motive bell upon an engine, while it is running in the city,
has for its purpose not merely the warning of people to get
off its track, but warning them not to go on, and said ordi-
nance is designed for the protection of those whose duties
require them to be in the immediate vicinity of railroad
tracks, where locomotive engines are passing, as well as
those whose ordinary duties keep them away from danger
of being run over.

As to whether the conduct of appellant was under the
circumstances wanton or willful is to be determined from all
the facts under which the injury was occasioned. Appel-
lant's engineer knew that he could not see a person to the
northward of his engine who was nearer than seventy feet
to the north of it. The engineer also knew that he was
alone upon said engine, his fireman being away, and that
consequently from the position where he stood, being
unable to see any person who might be within seventy feet
to the north of his engine, in the absence of his fireman, who
might, had he been present, have seen where the engineer
could not, it was a matter of ordinary prudence, more than
usual incumbent upon him, to proceed with great caution,
and to give, by ringing his bell, warning to any person who
might, unseen by him, be near to the engine upon the track
over which it was proceeding.

We are not prepared to say that if, under any circum-
stances, he failed to ring the bell upon his engine, his con-
duct was not a wanton disregard of the safety of the
deceased. Appellant urges that many objections which he
made to the manner pursued by counsel for appellee in
interrogating his own witnesses, and especially in asking, as
appellant insists, leading questions, should have been sus-
tained. We do not think there was such error in this
regard as requires us to set aside the judgment of the court
below. While it is not necessary that in such action as this
it should be shown that the widow or next of kin was
dependent or actually received support from the deceased,
yet we do not think that the showing of such fact is error;
while the showing of the necessitous condition of the

widow and next of kin, as that they are, or some of them are, blind, palsied, deaf or crippled, would be error. Pa. Co. v. Keane, 143 Ill. 172; St. Louis, Peoria & Northern Ry. Co. v. Dorsey, 189 Ill. 251; Chicago, Peoria & St. Louis R. R. Co. v. Woolridge, 174 Ill. 330.

It does appear to us that testimony was improperly admitted as to what a witness named Rusky had said to Mrs. Mann in a conversation had with her in June at Archer avenue. This conversation counsel for appellee introduced upon his claim that it was in contradiction of and thereby by way of impeachment of what Rusky, a witness for appellant, had testified to, but it was in contradiction only of that which had been drawn out from Rusky by appellee's cross-examination. We regard the declaration as sufficient to sustain the verdict and that appellant's motion at the close of appellee's case, to instruct the jury to find for the defendant, was properly overruled.

Counsel for appellee did upon his argument to the jury improperly comment upon the numerous objections to testimony which appellant had taken during the trial. The trial court sustained such objections. The other portion of the argument of counsel for appellee, we do not regard as so objectionable as to require any comment from us, especially as counsel for appellant did not insist upon or obtain any ruling of the trial court thereon. The accident occurred in a railroad yard where appellant knew the duties of switchmen required them to be and where they were likely to be found at almost any hour of the day. Appellant's engineer saw the deceased in near proximity to its track a very short time before he was struck. If he proceeded northward in a manner in which he could see nothing ahead of him that was not more than seventy feet from his engine, without ringing a bell as the ordinance required, he not only violated the law, but was grossly negligent of the safety of the deceased.

The case is a close one, yet we find neither of the instructions of which appellant complains, nor otherwise any error requiring the reversal of the judgment. It is therefore affirmed.