SEATTLE ELECTRIC CO. v. HARTLESS et al.

(Circuit Court of Appeals, Ninth Circuit.   March 5, 1906.)

No. 1,238.

1. COURTS—DIVISION OF STATE OF WASHINGTON INTO TWO DISTRICTS—EFFECT.
   Act March 2, 1905, c. 1305, 33 Stat. 824 [U. S. Comp. St. Supp. 1905. p. 126], dividing the state of Washington into two judicial districts, did not in effect abolish the then existing Circuit and District Courts, but left them restricted only as to territory, and intact in all other respects.

2. DEATH—DAMAGES—EVIDENCE—PHYSICAL CONDITION OF PLAINTIFFS.
   Under Ballinger's Ann. Codes & St. (Wash.) § 4828, giving a right of action for death caused by wrongful act or neglect to deceased's heirs or personal representatives, and providing that in every such action the jury may give such damages, pecuniary or exemplary, as under all the circumstances of the case may to them seem just, and section 4838 making an action for a personal injury to any person occasioning his death survive to his wife or children, in an action by deceased's widow and daughter to recover damages for personal injuries to him resulting in death, evidence as to the physical condition of the widow and daughter was inadmissible.
   [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Death, § 91.]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Hughes, McMicken, Dovell & Ramsey, for plaintiff in error.
Edward E. Cushman, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.   The motions to dismiss the writ of error and to strike out parts of the record are denied. The main contention of the defendant in error in that behalf is that Congress, by its Act March 2, 1905, c. 1305, 33 Stat. 824 [U. S. Comp. St. Supp. 1905, p. 126], dividing the state of Washington into two judicial districts, in effect abolished the then existing Circuit and District Courts, and created new, distinct, and independent Circuit and Dis-

trict Courts for both Western and Eastern districts of the state, thereby, according to counsel's contention, leaving each district unattached to any judicial circuit; the necessary effect of which further being the legislation out of office of all the officers of the then existing Circuit and District Courts, including the judge, and the leaving of the pending causes therein in the air. We think there is no merit whatever in this contention. The division of the state of Washington into two judicial districts left the then existing Circuit and District Courts restricted only as to territory, and intact in all other respects. This action was brought by the widow and daughter of one William H. Hartless, to recover damages for the fatal injury inflicted upon him by one of the defendant's street cars while the same was, according to the allegations of the complaint, negligently operated by the defendant's employés upon one of the streets of the city of Seattle, in the state of Washington. The answer of the defendant denied any negligence on its part, and also set up in defense the contributory negligence of the deceased. The trial resulted in a verdict and judgment for the plaintiffs, and the case has been brought here by the defendant by writ of error.

Section 4828 of the Code of Washington provides, among other things, as follows:

"* * * When the death of a person is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. * * * In every such action the jury may give such damages, pecuniary or exemplary, as under all the circumstances of the case may to them seem just." Ballinger's Ann. Codes & St. § 4828.

Section 4838 of the same Code is as follows:

"No action for a personal injury to any person occasioning his death shall abate, nor shall such right of action determine, by reason of such death, if he have a wife or child living, but such action may be prosecuted, or commenced and prosecuted, in favor of such wife or in favor of the wife and children, or, if no wife, in favor of such child or children."

On the trial the plaintiff Georgia Hartless, after being questioned by her counsel in regard to the age and health of her father, and to what extent he aided her financially, was asked by her counsel, "Now, about yourself: I will ask you to state if you have lost the sight of one eye." The defendant by its counsel objected to the question as immaterial, incompetent, and irrelevant, which objection was overruled; the defendant reserving an exception. The witness answered, "I have." The bill of exceptions then proceeds:

"Q. At present what do you do for yourself? What are you engaged in?
"Mr. Dovell: Note our same objection to that.
"The Court: Objection overruled.
"(Exception reserved by defendant, and allowed.)
"A. I do nothing to support myself.
"Q. What do you do?
"A. I keep house for my mother and myself.
"Q. I will ask if there is any particular reason why you care for your mother?
"Mr. Dovell: I object as not material or relevant.
"The Court: Objection overruled.

"(Exception reserved by defendant, and allowed.)
"A. Her health is very poor. She is practically an invalid.
"Mr. Dovell: I move to strike out the answer as not being responsive to the question. and not material nor relevant to any issue in this case.
"The Court: Motion denied.
"(Exception reserved by defendant, and allowed.)"

These rulings of the court were duly assigned for error by the plaintiff in error.

The fact that one of the plaintiffs had lost the sight of one of her eyes, and that the other plaintiff was an invalid, certainly had no legitimate bearing upon any issue in the case. Their physical condition had nothing whatever to do with the circumstances causing Hartless's death, or the pecuniary loss his death occasioned them. It is just as certain that the direct tendency of that proof was to arouse the sympathy of the jury, and to enhance the damages beyond the amount the law permitted, to what extent no one can say.. And because of that fact, and because the proof was irrelevant to the issues in the case, and was not competent, the judgment must be reversed and the cause remanded for a new trial. See Pennsylvania Co. v. Roy, 102 U. S. 451, 459, 26 L. Ed. 141; National Biscuit Co. v. Nolan (C. C. A.) 138 Fed. 6, 9; Alabama G. S. R. Co. v. Carroll, 84 Fed. 772, 780, 28 C. C. A. 208; Illinois C. R. R. Co. v. Baches, 55 Ill. 379, 389; Chicago & N. W. Ry. Co. v. Bayfield, 37 Mich. 205; Mahoney et al. v. San Francisco, etc., Ry. Co. (Cal.) 42 Pac. 968; Deery v. Cray, 5 Wall. 801, 808, 18 L. Ed. 653; Smith v. Shoemaker, 17 Wall. 630, 639, 21 L. Ed. 717; Moores v. Bank, 104 U. S. 625, 630, 26 L. Ed. 870; and other cases cited in National Biscuit Co. v. Nolan (C. C. A.) 138 Fed. 9.

The judgment is reversed, and cause remanded to the court below for a new trial.