GEORGE E. PREBLÉ, Admr., Appellee, *vs.* THE WABASH
RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. MASTER AND SERVANT—*questions of assumed risk and contributory negligence are ordinarily ones of fact.* The questions of assumed risk and contributory negligence are ordinarily, in an action for damages against the master, questions of fact for jury.

2. SAME—*risks assumed by servant.* A servant assumes only the ordinary risks incident to his employment and the risk of such dangers as he has notice of and after such notice remains in the employment.

3. EVIDENCE—*proof that deceased was sole support of wife is proper.* In an action for negligently causing death it is proper to prove that the deceased was the sole support of his wife, and such is the effect of her affirmative answer to the question, "Were you dependent upon your husband for support?"

4. SAME—*when proof that widow gave birth to child after husband's death is proper.* Where the declaration in an action for negligently causing death truthfully avers that the widow is pregnant and that she and the unborn child are the sole next of kin of the deceased, proof, on the trial, of the birth and death of the child subsequent to the death of the deceased is proper.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

ANDERSON & MATTHEWS, (J. L. MINNIS, of counsel,) for appellant.

W. E. WILLIAMS, and A. CLAY WILLIAMS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee in the circuit court of Pike county against the appellant to recover damages for the death of John E. Aiten, the intestate of appellee. The declaration contained three counts and the general issue was filed, and on the trial the

jury returned a verdict in favor of the appellee for $4000, upon which the trial court rendered judgment after overruling a motion for a new trial, which judgment has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court for a directed verdict, which motion was denied. The grounds of the motion were that John E. Aiten had assumed the risk of being injured in the manner in which he was injured, and that he was guilty of such contributory negligence as to defeat a recovery.

The facts in proof are as follows: John E. Aiten, at the time he was injured, was in the employ of the appellant as a brakeman upon a freight train of the appellant which was being operated between Springfield, Illinois, and Hannibal, Missouri. Island Grove is a way station on that line, located about fifteen miles west of Springfield. On the evening of August 26, 1907, the train upon which John E. Aiten was a brakeman arrived in Island Grove at about 7:30, from the west. At that point the main track of appellant is paralleled for a half mile by a side-track located upon the north side of the main track, the distance between the inside rails of the two tracks being about seven feet. Between the two tracks there had been piled cinders for a distance of more than six hundred feet, to the height of from one to three feet, intended to be used as ballast. The train stopped on the main track and the engine was detached and run in on the switch to do some switching. While the switching was being done John E. Aiten attempted to mount the step upon the south side of the pilot of the engine, which was moving at the rate of six or eight miles per hour, for the purpose of severing a cut of cars from the engine, and in some way fell beneath the wheels of the engine and was run over and injured to such an extent that he died in a few hours. No one saw

John E. Aiten at the time he was injured. The last time he was observed before the injury, which was but a few minutes, he was standing on the south side of the engine on the main track. Immediately after his injury he was picked up from the track in the rear of the engine by the fireman, to whom he said, in substance, he was getting on the pilot and slipped on the cinders or off the cinders. At the point where the injury took place the cinders were displaced, as though something had been dragged along over them. There was a rule of the company in force prohibiting employees from getting on or off the engine while the same was in motion, which rule the evidence tended to show was not always observed when switching at Island Grove. John E. Aiten had been at work on the line of road upon which he was injured about two weeks, but there was no direct evidence that he was familiar with the tracks at Island Grove or that he knew the cinders had been placed between the tracks at that place.

The law is well settled that an employee assumes only the ordinary risks incident to his employment and the risks arising from such dangers as he has notice of and after such notice remains in the employment of the master, and the question of assumed risk and contributory negligence are usually questions of fact for the jury. From an examination of this record we do not think it can be said, as a matter of law, that John E. Aiten assumed the risk of being injured in the manner in which he was injured, or that he was guilty of such contributory negligence as to defeat a recovery. We think the court properly submitted the case to the jury.

Emily C. Aiten, the widow of John E. Aiten, was a witness in behalf of appellee, and upon being called as a witness was asked by counsel, "Were you dependent on your husband for support?" to which she replied, "Yes, sir." The declaration averred that the widow was pregnant with child, and that John E. Aiten left him surviving

his widow and her unborn child as his next of kin. The child, before trial, was born and died. The appellee did not eliminate from his declaration before the trial the averments with reference to an unborn child, but upon the trial was permitted to prove that the widow had given birth to a child subsequent to her husband's death, which had died. Appellant objected to appellee being permitted to make proof that the widow was "dependent" upon her husband for support, and that she, subsequent to her husband's death, had given birth to a child which had died, and we think the appellant has properly preserved the questions for review in this court whether the trial court erred in permitting proof to be made of the fact that the widow was dependent upon her husband for support and that she had given birth to a child which had died subsequent to her husband's death.

It was proper to prove that John E. Aiten was the sole support of his widow at the time of his death, and that was the effect of the statement that the widow was dependent upon her husband for support. (*Pennsylvania Co.* v. *Keane,* 143 Ill. 172; *Swift & Co.* v. *Foster,* 163 id. 50; *St. Louis, Peoria and Northern Railway Co.* v. *Dorsey,* 189 id. 251; *Brennen* v. *Chicago and Carterville Coal Co.* 241 id. 610.) But proof of the pecuniary circumstances of the widow would have been improper. (*Chicago, Peoria and St. Louis Railroad Co.* v. *Woolridge,* 174 Ill. 330.) In the *Keane case* objection was made that the court permitted the widow to testify that at the time of her husband's death he was her sole support. In disposing of that objection, on page 175, the court said: "It is not competent to show what the pecuniary circumstances of the widow, family or next of kin are or have been since the decease of the intestate, but that it is competent to show that the wife, children or next of kin were dependent upon him for support before and at the time of his death. This view is in consonance with the statute that gives the action,

and which provides that such damages shall be given as are a fair and just compensation for the pecuniary injuries resulting from the death to the wife and next of kin of the deceased person."'

The declaration stated the facts truthfully as to the next of kin of the deceased at the time of the death of the deceased, and it was not error to permit proof of the facts that a child was born and died subsequent to the death of the deceased.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*