SARAH E. VAN LEET, as Administratrix, etc., of GLENN H. VAN LEET, Deceased, Respondent, *v.* WILLIS S. KILMER, Appellant.

Third Department, January 16, 1929.

*Hinman, Howard & Kattell* [*H. D. Hinman* of counsel], for the appellant.

*Harry J. Daley* [*David F. Lee* of counsel], for the respondent.

HILL, J. Plaintiff's intestate fell from a ladder to the ground, a distance of about twenty feet, receiving a fractured skull from which he died. The fall was caused by an electric shock received when a wire, with which he was working upon his employer's building, came in contact with defendant's service wire carrying 110 volts, located eighteen inches or two feet from the place where he was working.

Defendant contends that the shock was received from high tension wires higher and farther from the building than his. The physical surroundings, as well as the evidence given by a fellow-employee that he saw the contact with defendant's wires, amply sustains the finding of the jury. These insulated wires of defendant had been in service at this place for fourteen years. Metallic dust had been deposited upon them from the ventilator upon which decedent was working. This coating was visible from the ground. The old insulation and the metallic dust readily permitted the transmission of current to the wire in decedent's hand. The exercise of reasonable prudence would have led defendant to anticipate that workmen might have occasion to come in proximity to these wires, and that the insulation should be kept in good

186

repair by installing new wires if necessary. " Facility of protection may impose a duty to protect." (*Adams* v. *Bullock*, 227 N. Y. 208, 211.) Defendant was negligent. (*Braun* v. *Buffalo General Electric Company*, 200 N. Y. 484; *Burrows* v. *Livingston-Niagara Power Company*, 217 App. Div. 206; affd., 244 N. Y. 548.) The intestate was not negligent. He had a right to believe that defendant would perform his obvious duty. Proof that the widow and children of intestate had no property was competent on the question of damage. (*Lockwood* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 523; *Murphy* v. *Erie R. R. Co.*, 202 id. 242.)

The court, in a very fair charge, misspoke at one place of defendant's negligence, when he meant that of plaintiff's intestate. The jury was not misled, as he had correctly stated the rule several times. Defendant's request was not explicit in this connection. The counsel did not definitely call the court's attention to the error, apparently choosing to have the benefit of an exception for this harmless and unintentional misstatement.

Decedent was twenty-nine years of age, survived by a wife and two children, one nine, the other seven, all dependent upon him. He was earning a little over $1,500 a year. Taking into consideration his youth, health, industry and opportunities, the verdict of $26,000 is not excessive.

The judgment and order should be affirmed.

VAN KIRK, P. J., HINMAN and DAVIS, JJ., concur; WHITMYER, J., dissents.

Judgment and order affirmed, with costs.