[No. 23477.   Department One.   May 16, 1932.]

LOUISE CLASON, *as Administratrix, Respondent,* v.
ARTHUR VELGUTH, *Appellant.*[1]

[1]Reported in 11 P. (2d) 249.

*O. C. Moore,* for appellant.

*Hamblen & Gilbert* (*H. M. Hamblen,* of counsel), for respondent.

MITCHELL, J.—This action arose out of a collision of automobiles in the intersection of Monroe street and Knox avenue, in Spokane, shortly after dark. Monroe street is a north and south arterial highway, upon which is operated a double track street car line. Knox avenue runs east and west, crossing Monroe street. The deceased, George W. Clason, was driving westward along the north side of Knox avenue, while Arthur Velguth, the defendant, was driving south along the west side of Monroe street.

The collision occurred at the crossing of these two lines of travel, about four feet west of the west street car track. It was alleged in the complaint that the collision was caused by the negligence of the defendant on account of his excessive speed and reckless driving while intoxicated, and that, without looking, warning, or attempting to slow down, the defendant drove his car against the right side of decedent's car and caused injuries to the decedent from which he died, and damaged decedent's car.

The action was brought by Louise Clason, as administratrix of the estate of George W. Clason, deceased, under Rem. Comp. Stat., §§ 183 and 183-1. She sued for the benefit of herself as surviving wife and for the benefit of the children of the decedent and herself, and also to recover for necessary expenditures

244

for physicians, nurses and hospital fees, and also for damages to the automobile.

The defendant denied all charges of negligence, and alleged that the decedent was guilty of contributory negligence that barred recovery, in that he violated the provisions of an ordinance under which markers had been placed on Knox avenue at Monroe street, an arterial highway, by negligently failing to bring his automobile to a stop at the markers, and thereafter failed to proceed with caution and yield the right of way to appellant's car. The allegations of contributory negligence were denied by a reply.

The trial resulted in a verdict for the plaintiff. The defendant has appealed from a judgment on the verdict.

First, it is claimed the court erred in overruling a general demurrer to the complaint for failure to specify

"... approximately the speed at which the defendant is alleged to have driven and exactly the lawful speed at the time and place of the alleged offense,"

as required by subdivision (c) of § 3, chapter 309, Laws of 1927, p. 772, Rem. 1927 Sup., § 6362-3. Respondent contends that the provision referred to applies only to criminal actions.

The general demurrer goes to the whole complaint, and under the rule of liberal construction to be given a complaint as against a general demurrer, it appears that there is sufficient in the complaint to sustain it, outside of specifying the approximate speed and exactly the lawful speed of appellant's car at the time and place in question.

It is claimed the court erred in permitting Louise Clason to testify that she was without means, had never learned or qualified to do work of any kind,

and didn't know what she was "going to have to do."

Section 183, Rem. Comp. Stat., gives a right of action when the death of a person is caused by the wrongful act of another, to be maintained by the personal representative of the deceased against the one causing the death.

Section 183-1, provides:

"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death. In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just."

Two classes of persons are thus mentioned as beneficiaries: (1) wife, husband, child or children without reference to their financial condition; (2) if there are none of the first class, then the action may be maintained for the benefit of the parents, sisters or minor brothers *who may be dependent* upon the deceased person for support, etc.

In the second class, dependence has to be shown as a prerequisite to the right of recovery, but not so as to the first class, who are entitled to recover at all events, in this regard. And, although the statutory rule that "in every such action the jury may give such damages as, under all circumstances of the case, may to them seem just" is a liberal rule, it is not intended thereby to alter or destroy the commonly accepted province of the jury to be judges of the character and weight of the testimony, such judgment to be exercised under some rule so that any abuse of discretion could be avoided or ascertained and corrected. Nor is it meant to leave the question of damages to the un-

guided judgment of the jury, nor to set at naught those rules of evidence which properly condemn irrelevant and prejudicial testimony.

As mentioned in *Walker v. McNeill,* 17 Wash. 582, 50 Pac. 518, the statute at that time allowed the giving of "pecuniary or exemplary" damages. In the present statute, however, enacted in 1917, those words are omitted. The word "pecuniary" was omitted manifestly because, in *Walker v. McNeill,* it was held that the word should not be construed in a strict sense; that

"It will not exclude the *loss* of nurture, of the intellectual, moral and physical training which only a parent can give to children, nor is the same certainty of loss required to be established as in ordinary actions."

The word "exemplary" was omitted obviously because, as early as 1891, in the case of *Spokane Truck & Dray Co. v. Hoefer,* 2 Wash. 45, 25 Pac. 1072, 11 L. R. A. 689, 26 Am. St. 842, this court adopted the rule, consistently followed since that time, in the absence of specific statute to the contrary, that:

"Damages are given as a compensation or satisfaction to the plaintiff for an injury actually received by him from the defendant. They should be precisely commensurate with the injury, neither more nor less; and this whether it be to his person or estate."

The question perplexing us relates to a *loss* sustained and to damages as *compensation* to the plaintiff for an injury received from the defendant, and in connection therewith the question of the proper kind of evidence admissible in such cases. In this connection, it is difficult to see how one wrongfully causing the death of another can be called upon to pay under a rule in any way fixed by the financial or pecuniary ability, or the earning capacity, or lack of it, of the beneficiary, in no way traceable to the person required to pay.

There appears to be a conflict in the authorities on

this point, as suggested in 17 C. J. 1362, § 253, and cases cited. Some of the apparent conflict will be found to arise because of different statutes with reference to whether there is a necessity of showing dependence of the beneficiaries in order to recover. And, also, because of the character of the proof as to whether it relates to the loss to or the necessities of the beneficiary. The question is a new one in this state, and in considering authorities from other states that are cited by counsel, we feel free to accept the reasoning of those courts which more strongly appeal to our judgment as applicable to this case.

Under a similar statute in California, which provided, "such damages may be given as under all the circumstances of the case may be just," the supreme court of that state, in *Green v. Southern Pacific Co.,* 122 Cal. 563, 55 Pac. 577, held it was reversible error to allow a beneficiary to testify she had no property of her own upon which to maintain herself. The court said:

"This evidence had no pertinent or competent bearing upon the extent of injury suffered by plaintiffs, for which defendant could be held responsible; and its only effect and inevitable tendency was undoubtedly to excite the sympathies of the jury, and improperly influence their finding upon the question of damages. Such evidence is never admissible in a case of this character, for the very simple reason that the extent of a defendant's responsibility for the result of his negligence is not to be measured by the condition as to affluence or poverty of the injured party at the time of suffering the injury, since that is a condition for which the defendant is in no way responsible; and as suggested by this court in *Mahony v. San Francisco Ry. Co.,* 110 Cal. 471, 476 [42 Pac. 968], in discussing the same question: 'Such testimony could have been offered for no other purpose than to create prejudice, and should have been excluded.' (See, also, *Malone v. Hawley,* 46 Cal. 409; *Chicago etc. R. R. Co. v. Johnson,*

103 Ill. 512; *Pennsylvania Ry. Co. v. Roy,* 102 U. S. 451; *Central R. R. Co. v. Moore,* 61 Ga. 151.)''

See, also, 8 California Jurisprudence, 952, § 15.

In *Preble v. Wabash R. Co.,* 243 Ill. 340, 90 N. E. 716, the supreme court said:

''It was proper to prove that John E. Aiten was the sole support of his widow at the time of his death, and that was the effect of the statement that the widow was dependent upon her husband for support. (*Pennsylvania Co. v. Keane,* 143 Ill. 172 [32 N. E. 260]; *Swift & Co. v. Foster,* 163 Ill. 50 [44 N. E. 837]; *St. Louis, Peoria & Northern Railway Co. v. Dorsey,* 189 Ill. 251 [59 N. E. 593]; *Brennen v. Chicago & Carterville Coal Co.,* 241 Ill. 610 [89 N. E. 756].) But proof of the pecuniary circumstances of the widow would have been improper. (*Chicago, Peoria & St. Louis Railroad Co. v. Woolridge,* 174 Ill. 330 [51 N. E. 701].)''

The two propositions stated in the above decision mark the true distinction between proper and improper proof in this kind of cases. The one relates to the *loss* for which the person causing the wrongful death must pay, the other goes to the necessities of the beneficiary for which the defendant is in no way responsible.

In *Gundy v. Nye-Schneider-Fowler Co.,* 89 Nebr. 599, 131 N. W. 964, it was held to be immaterial whether the widow was left with or without means. ''The question was how much she had lost from a pecuniary standpoint by the death of her husband.''

The United States circuit court of appeals of this circuit, in *Seattle Electric Co. v. Hartless,* 144 Fed. 379, gave its construction of our statutes. W. H. Hartless was killed by the Seattle Electric Company, and the widow and daughter brought the action to recover damages. The opinion sets out our statutes giving the right of action, and then recites that, over the objections of the defendant, the daughter was permitted to testify that she had lost one eye, that she did nothing

to support herself, that she kept house for her mother and herself, and that her mother was practically an invalid. Holding the admission of such testimony constituted reversible error, the court said:

"The fact that one of the plaintiffs had lost the sight of one of her eyes, and that the other plaintiff was an invalid, certainly had no legitimate bearing upon any issue in the case. Their physical condition had nothing whatever to do with the circumstances causing Hartless's death, or the pecuniary loss his death occasioned them. It is just as certain that the direct tendency of that proof was to arouse the sympathy of the jury, and to enhance the damages beyond the amount the law permitted, to what extent no one can say. And because of that fact, and because the proof was irrelevant to the issues in the case, and was not competent, the judgment must be reversed and the cause remanded for a new trial. See *Pennsylvania Co. v. Roy,* 102 U. S. 451, 459, 26 L. Ed. 141; *National Biscuit Co. v. Nolan,* (C. C. A.) 138 Fed. 6, 9; *Alabama G. S. R. Co. v. Carroll,* 84 Fed. 772, 780, 28 C. C. A. 208; *Illinois C. R. R. Co. v. Baches,* 55 Ill. 379, 389; *Chicago & N. W. Ry. Co. v. Bayfield,* 37 Mich. 205; *Mahoney et al v. San Francisco, etc., Ry. Co.,* (Cal.) 42 Pac. 968; *Deery v. Cray,* 5 Wall. 801, 808, 18 L. Ed. 653; *Smith v. Shoemaker,* 17 Wall. 630, 639, 21 L. Ed. 717; *Moores v. Bank,* 104 U. S. 625, 630, 26 L. Ed. 870; and other cases cited in *National Biscuit Co. v. Nolan* (C. C. A.) 138 Fed. 9."

In *Consolidated Gas, Electric Light & Power Co. v. State,* 109 Md. 186, 72 Atl. 651, the court of appeals, although it refused to reverse the case because of the smallness of the verdict, in speaking of the testimony of the widow, over objection, that "she had no property or means of support," said:

"Upon reason we could not hesitate to hold that such testimony ought not to be admitted, and it appears that the weight of authority is to that effect. The cases are collected in 13 Cyc. 359. The ground for the rule we approve is well stated in *Green v. So. Pac. R.*

*Co.,* 122 Cal. 564-5 [55 Pac. 577], and in *Central R. Co. v. Moore,* 61 Ga. 151, and this is the view adopted in the courts of Illinois, Iowa, Kentucky and by one of the Federal Courts in [*Seattle Electric Co. v. Hartless*], 144 Fed. Rep. 379 [75 C. C. A. 317]."

Authorities relied on by the respondent may be noticed. In New York, under a statute similar to ours, an appellate division of the supreme court held the other way in *Van Leet v. Kilmer,* 225 App. Div. 184, 232 N. Y. Supp. 330, by simply stating, as respondent says in her brief:

"Proof that the widow and children of intestate had no property was competent on the question of damage."

*Stratton v. Sioux Falls Traction System,* 55 S. Dak. 464, 226 N. W. 644, was a suit by a parent for the wrongful death of a son, and after saying that the financial condition of the parties ordinarily is not material, the court said:

"But when such condition becomes a material element of the right to recover, it cannot be excluded merely because the jury may be improperly influenced thereby."

But that case is no help to a determination of the present one, where the financial circumstances of the beneficiary are in no sense a material element of the right to recover.

In *Kettlehake v. American Car and Foundry Co.,* 153 S. W. (Mo.) 552, the supreme court of Missouri holds contrary to the rule we prefer.

In *Kulvie v. Bunsen Coal Co.,* 253 Ill. 386, 97 N. E. 688, the supreme court held that it was proper to show that the surviving wife was depending upon her husband for support at and before his death. We have already noticed, by reference to another Illinois case, that that proof was proper. That kind of proof per-

tains to what the family lost. But that is not the question here. To the same effect is *Bethel v. Pawnee County,* 95 Neb. 203, 145 N. W. 363, where the question to the widow was:

"What means of support had you and those children at the time of Mr. Bethel's death, other than his efforts?"

Our conclusion is that the testimony upon this subject which was objected to was improper and irrelevant, having no just relation to the loss sustained by the beneficiaries represented by the respondent, and that the admission of such evidence constituted reversible error.

The assignment that the court erred in permitting the daughter Viola Clason to testify of the home life with respect to the love and affection of the decedent exhibited by him for his wife and children is not meritorious. Such testimony refers to a loss sustained by them that the law takes cognizance of. *Walker v. McNeill,* 17 Wash. 582, 50 Pac. 518; *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 295 Pac. 921, and cases there cited.

Error is claimed in allowing the witness to testify, over objections, concerning a protest by a bystander against the treatment by appellant of the decedent at the scene of the accident, the treatment referred to consisting of slapping the injured man. The protest was not the expression of an opinion, but it referred to a fact, and was made directly to the appellant concerning his conduct, and of which conduct other witnesses testified as an indication of intoxication on the part of the appellant at the time of the accident. The testimony objected to was proper.

Disposing of another assignment of error, it was proper, at least within the discretion of the court, in our opinion, to allow witnesses who were at the scene

of the accident to testify as to the extent of the injuries the decedent received, although the appellant admitted that the accident was fatal to the decedent.

The testimony of a witness with reference to obstructions at corners of the intersection where the accident occurred and an instruction on the same subject were not objectionable. The testimony described the scene, and the instruction was according to the statute.

Other assignments are made upon denial of a motion for a nonsuit, a motion for a directed verdict, and one for judgment notwithstanding the verdict. The assignments are urged because, it is claimed, there was a failure of proof of negligence against the appellant, and also because of contributory negligence established against the decedent. There was a sharp conflict in the evidence on behalf of the respective parties upon all the issues relating to both the alleged negligence of appellant and the alleged contributory negligence of the decedent, and the relation of the same to the collision and resultant injuries and damages. The details of the evidence and its conflicts need not be set out. The case was, in all such respects, one for the jury.

Quite a number of assignments of error question the correctness of instructions given to the jury and the refusal of the court to give requested instructions. Any attempt at a satisfactory discussion of them would, in our opinion, require an unprofitable undertaking and use of space in the reports. An examination of them in connection with the record as it now appears, convinces one that the instructions given were fair and proper, while those requested, but not given, were either sufficiently covered by those given or were inaccurate or incomplete statements of the law applicable to the case.

The motion for a new trial presents nothing beyond the matters already discussed herein, other than that of newly discovered evidence, which need not be further noticed because of a new trial to be had.

On account of reversible error in admitting testimony concerning the present necessitous circumstances of the widow, the judgment is reversed, with directions to the superior court to grant a new trial.

TOLMAN, C. J., PARKER, and HERMAN, JJ., concur.

[1]Reported in 11 P. (2d) 245.