### The Central Railroad *vs.* Moore.

### Moore *vs.* The Central Railroad.

1. The fact that the widow who sues for the killing of her husband, worked in the field for a livelihood after his death, is immaterial and irrelevant to the issue on trial, and should not therefore go to the jury as evidence.
2. The fact that the jury of inquest had found a verdict in the case, is also inadmissible.
3. A charge that "the presumption in all cases like this is against the railroad, and that the burden is on it to show that ordinary and reasonable care and diligence were exercised by its agents, and to show fault in the deceased, and the presumption remains until removed by proof, but if removed, the presumption ceases and the proof would prevail," is erroneous in this, that the court put upon the company the burden of showing not only that itself was without fault, but that the deceased was in fault, before the burden was shifted; the law being, under section 3033 of the Code, that when the company shows itself without fault, by showing that its agents have exercised all reasonable care and diligence, there can be no recovery against it.
4. Where the court granted the railroad company a new trial unless the plaintiff wrote off a portion of the verdict, and in the judgment of this court the grant of the new trial ought to have been unconditional, the plaintiff cannot complain that the verdict was reduced by the court. The unconditional grant of the new trial by this court of course operates to set aside the entire verdict, and all modifications thereof.

Railroads. Damages. Negligence. Evidence. Before Judge HILLYER. Clayton Superior Court. September Term, 1877.

Reported in the opinion.

A. R. LAWTON; N. J. HAMMOND; SPEER & STEWART, for the railroad, cited as follows: Verdict excessive, 38 Ga., 409 (3); Code, §1792. Charge of court as to onus, Code, §§3033, 3248, and cases cited.

P. L. MYNATT; W. L. WATERSON; E. W. BECK, for Moore, cited as follows: Railroad did injury, acts 1873, p. 88; acts 1872, p. 351. Requests not in writing, Code, §3715; Rule 5 of Superior Court; 47 Ga., 119. Rule as to negligence, Code, §3036; §2972 has general application; 19 Ga., 437; 18, Ib., 686; 38 Ib., 409; 61 Ib., 114; 60 Ib., 441; 35 Ib., 105. Error in decreasing verdict, 10 Ga., 45; Code, §218. See Sher. & Red. on Neg., §§29, 30, 487; 6 Barb., 368; 1 Dill., 579; 61 Pa., 361.

JACKSON, Justice.

The plaintiff's husband was killed and found lying near the track of the defendant's road. She sued the road for damages, and the jury found $2,000.00. A motion was made for a new trial, the court granted it, unless a certain part of the verdict was written off, which was done, and the defendant excepted, and insisted that the new trial should have been unconditionally granted. Three grounds are relied upon here why this should have been done:

1st. Because the court erred in allowing the plaintiff to prove that there was a verdict found at the inquest held upon the body of deceased. 2d. Because the court allowed the plaintiff to prove that since her husband's death she made her living by working in the field. 3d. Because the court erred in the charge to the jury.

1. We do not see upon what principle evidence was admitted that there was a verdict at the inquest. It was irrelevant and immaterial, and while it may not have done much harm, it had better have been excluded.

2. In what way this plaintiff made her living since the death of her husband, could not affect the legal right she

had to recover, or the amount of that recovery to which she was legally entitled. It was therefore wholly irrelevant to admit it to go to the jury, and it could but answer one end, and that illegally to excite sympathy, and influence improperly the finding of the jury. Therefore it was wrong to encumber the case with it.

3. The effect of the charge of the court complained of, was to put the burden on the railroad company of showing not only that its agents had used all ordinary and reasonable care and diligence, but that the plaintiff's husband was at fault also. When the company showed itself without fault, by showing that reasonable and ordinary care and diligence had been exercised by its agents and employees, then by section 3033 of the Code, there could be no recovery against it; and of course the burden was shifted. The effect of the charge was to require the company to go further and show that the plaintiff's husband was at fault. If the company was without fault it was wholly immaterial whether the deceased was or was not at fault. If both were innocent, the catastrophe was an accident, and there could be no recovery; if both were at fault and the plaintiff's husband's fault did not cause by itself the injury, then there would be a modified recovery for contributory negligence; if, though the company had been at fault, the plaintiff's husband could have avoided the injury by ordinary care, and neglected to do so, then there could be no recovery. It is true that the presumption is against the company every time and on every issue, after the killing by the road has been proven; but when the company has proved either that the deceased by his own negligence caused his own death, *or* that the company was not negligent, but used all reasonable care and diligence, the burden is shifted; because *either* will relieve the company.

There is some confusion in the record in regard to the motion for a new trial and the charge of the court, but the effect of the charge seems to be as above stated; and being so, under the Code, §3033 *et seq.* and the case of the *Geor-*

*gia Railroad & Banking Company vs. Neely*, 56 *Ga.*, 540, we feel constrained to reverse the judgment and order an unconditional new trial. It must be borne in mind that Moore was not a passenger as Glass was, and therein this case differs from that. See 60*th Ga.*, 441.

In the case of *Moore vs. The Railroad*, the complaint is that the court erred in imposing upon the plaintiff in error the terms of writing off a part of the verdict as the condition on which it was permitted to stand, otherwise a new trial was granted.

Inasmuch as an unconditional new trial has been granted on the exceptions of the Central Railroad, of course the complaint here made falls to the ground, this court being of opinion that the entire verdict be set aside, it follows that the plaintiff in error was not hurt by the requirement of the court below, that part of it be written off.

Judgment reversed in first case, and affirmed in second.