[No. 12224. In Bank.—December 10, 1889.]

MARTIN WHITE, RESPONDENT, *v.* ANNIS MERRILL, ET AL., APPELLANTS.

APPEAL — RECORD — OPINION OF COURT BELOW — REVIEW OF REASONS FOR DECISION.—The opinion of the court below upon any question before it, or upon the final determination of the cause, constitutes no part of the record on appeal. It may be cited by counsel in argument, but it is not an act upon which error may be assigned, nor are its reasons binding on appeal; but if the appellate court finds that upon any ground or for any reason the action of the court below was correct, its action will be affirmed, regardless of the reason which the court may have given for it.

ID. — REVIEW OF ORDER GRANTING NEW TRIAL — CONFLICTING EVIDENCE.— When a motion for new trial is based both upon errors of law assigned and upon the insufficiency of the evidence to justify the verdict, an order granting a new trial will be affirmed, regardless of the fact that errors of law only were assigned as the reasons for the order in the opinion of the court below, where the record shows a conflict in the evidence, in view of which the court below might properly have granted a new trial.

EFFECT OF EVIDENCE — PLEADING — INSTRUCTIONS — NEW TRIAL — ERROR OF LAW. — Evidence admitted without limitation as to purpose, though entitled to be considered for all purposes within the issues, is not entitled to be considered in connection with any question not involved in the issues; and an instruction authorizing the jury to consider such a question is an error of law for which a new trial may be granted.

ACTION FOR BREACH OF CONTRACT — RATIFICATION OF BREACH — PLEADING — EVIDENCE.— In an action for damages for a breach of contract, where the only issues presented are, whether there is such a contract as alleged, whether all indebtedness under the contract was paid, and whether the action was barred by the statute of limitations, evidence tending to show that the plaintiff had ratified certain acts relied upon as constituting a breach of the contract can only be considered upon the issue as to whether there was such a contract as alleged, and cannot be considered upon the question of ratification of the breach of contract, that question not being within the issues.

EVIDENCE — ADMISSION OF PARTY — RESULT OF FORMER TRIAL. — It is competent to prove that after a former trial of the cause, resulting in a verdict for a large sum against several defendants, and in plaintiff's favor, one of the defendants admitted that the verdict was a just and righteous one, the evidence being at least pertinent and competent as against him, and the exclusion of such evidence is error warranting a new trial.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Mesick, Maxwell & Phelan, Lloyd & Wood,* and *E. D. Sawyer,* for Appellants.

*T. M. Osmont,* for Respondent.

Fox, J.—Action for damages for breach of contract. Defense, general issue, statute of limitations, and payment of all indebtedness. Verdict and judgment for defendants, motion for new trial made and granted, and appeal from the order granting said motion.

It is unnecessary, on this appeal, to make a detailed statement of the case as shown either by the pleadings or the evidence, the only question being whether the court committed an error in granting the motion for new trial which calls for reversal of its order.

The opinion of the court, given upon determining the motion for new trial, was brought up in the transcript. On the hearing, respondent moved to strike this opinion out, as it constitutes no part of the record on appeal, and the motion was granted. The court below may give an opinion, oral or in writing, upon any motion or question that arises in the course of proceedings before it, or upon the final determination of a cause; but such opinion constitutes no part of the record on appeal. No matter what reason the court below may assign for its action, this court is not bound by such reason. If this court finds that upon any ground or for any reason the action of the court below was correct, such action will be

affirmed, regardless of the reason which the court may have given for it. Counsel may cite it in argument, as they may any other opinion given at *nisi,* and it may sometimes aid the court in a solution of the question upon or to which it is cited; but it is not an act upon which error can be assigned. For this reason — possibly for others also — the legislature, in adopting the code, has omitted it from the list of papers required to be brought up on appeal.

It is claimed upon argument that the court granted the motion for new trial because of an error in the charge to the jury, and that it was mistaken in holding that the charge was erroneous, and therefore the motion ought not to have been granted. In its charge to the jury, the court referred to certain evidence which had been given on the trial (and which is claimed to have been given without objection), and in very plain terms authorized the jury to consider whether the plaintiff had ratified certain acts of the defendants which were relied upon as acts constituting a breach of the contract. The court held that this was error, because the question of ratification was not within the issues of the cause. We think the court was right in so holding. The only issues were: 1. Whether or not there was such a contract as alleged; 2. Payment of all indebtedness under the contract; and 3. Whether plaintiff's claim was barred by the statute of limitations. The evidence referred to was admissible as tending to prove whether or not there was such a contract. Being in, it was entitled to be considered for all purposes within the issues of the cause (if admitted without limitation as to purpose); but it was not entitled to be considered in connection with any question not involved in the issues.

But the motion for new trial was made, not only on the ground of errors of law, of which a number were assigned, but also on the ground that the evidence was insufficient to justify the verdict, and that the same was

against law. The rule adopted in this court, that the verdict of a jury will not be disturbed on the ground of insufficiency of the evidence, unless it appears, without substantial conflict, that there is no evidence to sustain the verdict, has no application to the court below. The judge of that court has the same opportunity to see the witnesses, to judge of their credibility, and of the degree of weight which ought to be given to their evidence, as the jury has, and is often better qualified to determine those questions than the jury itself. It has, therefore, been held by this court, in a long line of decisions, that where the evidence is conflicting, this court will not interfere with the exercise of the discretion of the court below in granting a new trial, unless there has been abuse. (*Minturn* v. *Bliss*, 77 Cal. 90.) An order granting a new trial will be affirmed if it can be justified on any of the grounds upon which the motion is based, without regard to the reasons for the order expressed in the opinion of the judge; and such order will not be disturbed, unless there has been a clear abuse of discretion, where the motion was made on the ground of insufficiency of the evidence to support the verdict. (*Nally* v. *McDonald*, 77 Cal. 284.) This case bristled with conflicts in the evidence; and under the rule long since established and affirmed in the decisions cited, this court will not reverse the order of the court below in granting a new trial.

We note still one other error of law which it seems to us justified the court in granting the new trial. Plaintiff offered to prove that there had been a former trial of the cause, resulting in a verdict in plaintiff's favor for a large sum of money; and to prove in that connection by a witness then on the stand that on the morning after the verdict one of the defendants admitted to witness and to others that the verdict was a just and righteous one. This was excluded, and plaintiff excepted.

Simple evidence of the former trial and verdict would

not have been competent, but it was offered as merely preliminary to the proof of the admission by the defendant. That admission evinced a consciousness of liability so far as that defendant was concerned, at least, and as against him the evidence was pertinent and competent. (*Banfield* v. *Whipple*, 10 Allen, 31.) Other points made on the motion for new trial need not be now considered.

Order appealed from affirmed.

WORKS, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment. I have great doubt, however, if it should be assumed here that the lower court granted a new trial for want of sufficient evidence, when the order itself granting the new trial expressly places it on other grounds. Of course, the opinion or reasoning of the court below is no part of the record; but may not a statement in the order which shows that the new trial was not granted for insufficiency of evidence be taken as part of the order itself, and therefore a part of the record?

THORNTON, J., concurring.—It is immaterial whether the opinion of the court below is in the record or not. This court can notice such opinion whether in the record or not, as far as all questions of law are concerned. Courts can look to the opinions of other courts to enable them to solve any legal question. Such is the common-law rule and the statute of this state. (Code Civ. Proc., sec. 1899.) "The reports of the decisions of the courts," as well as "the treatises of learned men," may be looked to to find the *unwritten* law. (See section cited above.) Here the report of Judge Spencer's decision in this case on motion for a new trial is before us, and we can look into it. We can look to it to see how he dealt with the motion before his court, and what rule of law

guided his judgment. And from this opinion we find that the court submitted to the jury an issue, as to a ratification of certain of defendant's acts by plaintiff not joined in the action,— one entirely *aliunde* and *obiter* in the case, and not embraced by any of the issues joined therein. I can see no reason why this court should not, but the strongest and most convincing reasons why this court should, look to the opinion of the learned judge who presided in the court below for the purpose above pointed out.

If the opinion was part of the order denying the motion for a new trial, it would be properly a part of the record, but it would be a construction of the order not justified by anything in it, or any rule of interpretation I am aware of, to hold that the opinion was part of the order referred to.

I am of opinion that the court did not err in granting a new trial, and that the order granting it should be affirmed.

Rehearing denied.