122  563
d140  308

122  563
e143  44

122  563
148  92
148  93
148  94

122  563
149  710

[L. A. No. 393.   Department One.—December 7, 1898.]

MARY GREEN et al., Respondents, v. THE SOUTHERN PA-
CIFIC COMPANY, Appellant.

NEGLIGENCE—ACTION FOR DEATH—EVIDENCE—POVERTY OF PLAINTIFF.—In
an action for a death caused by the alleged negligence of the
defendant, evidence of the poverty of one of the plaintiffs, a
daughter of the deceased, who was living with him at his death,
is not competent, and its admission is prejudicial error.

ID.—FULL AGE OF DEPENDENT DAUGHTER.—The fact that the daughter of
the deceased, who was living with him, was of full age, does
not entitle her to prove her lack of means of support, as against
the defendant, against whom the action is prosecuted by her
solely as one of the heirs-at-law of the deceased.

ID.—REPETITION OF TESTIMONY—SINGLE EXCEPTION.—The fact that only
one exception was taken to the testimony admitted to prove the
poverty of one of the plaintiffs, and that such plaintiff after-
ward gave testimony on the same subject without objection,
does not preclude the defendant from taking advantage of the
exception.

ID.—IMPEACHMENT OF WITNESS—INSUFFICIENT FOUNDATION.—The evidence
of a witness cannot be impeached by proof of contradictory
statements, unless a foundation is first laid for such impeach-
ing testimony; and a conversation about which the witness was
interrogated as having taken place during the progress of the
trial, cannot justify evidence of a conversation had in the pre-
ceding year.

ID.—INSTRUCTION—MEASURE OF DAMAGES—LOSS OF SOCIETY—COMFORT
AND CARE.—An instruction that the jury had the right to take into
consideration the pecuniary loss suffered by the death, and also
the loss of the comfort, society, and protection of the deceased
to his widow and children, is erroneous in not instructing that
the plaintiffs can only recover for the pecuniary loss suffered
by the death, and that the loss of society, comfort, and care can
only be considered for the purpose of estimating such pecuniary
loss; and the vice in such instruction is not cured by a sepa-
rate instruction, given at defendant's request, that the jury
should confine their verdict to the pecuniary loss.

ID.—NEGLECT TO RING BELL OR SOUND WHISTLE CONTINUOUSLY.—An in-
struction to the jury that negligence of the defendant might be
inferred if it did not "ring the bell or sound the whistle contin-
uously for the distance of eighty rods before reaching the cross-
ing," imposes a greater burden upon the defendant than that
charged by the statute, which only requires in the alternative
that the whistle be kept sounding at intervals.

ID.—CROSSING OF TRACK BY ELDERLY PERSON—KNOWLEDGE OF DEFEND-
ANT—PRESUMPTION.—Where it appears that the deceased, though

an elderly man, was strong and healthy at the time he was
killed while crossing a railroad track, if the defendant did
not know, or have reason to believe, that he was not in the
full possession and enjoyment of his faculties, the defendant
had the right to presume that he was able to care for himself,
and would take ordinary precaution to protect himself from
injury; and an instruction implying that his age and condition
called for greater care from the defendant, with nothing in the
evidence to sustain such implication, and ignoring the element
of knowledge on the part of the defendant, is erroneous.

APPEAL from a judgment of the Superior Court of Santa
Barbara County and from an order denying a new trial.  B. T.
Williams, Judge.

The facts are stated in the opinion of the court.

R. B. Canfield, for Appellant.

Murphey & Gottschalk, for Respondents.

VAN FLEET, J.—Action by the widow and children of
George N. Green to recover damages suffered by them as heirs
at law of said George N. Green, through his death, alleged to
have been occasioned by defendant's negligence.  Plaintiffs had
judgment, and defendant appeals therefrom and from an order
denying a new trial.

It will not be necessary to notice the ground of contributory
negligence by deceased, urged by appellant, nor that of exces-
sive damages, since those questions will not necessarily arise
upon another trial, and the judgment and order must be re-
versed because of errors of law occurring at the trial of the case,
to the manifest prejudice of the defendant.

1. The trial court very clearly committed prejudicial error in
admitting before the jury, over defendant's objection, the tes-
timony of the witness Hayes, to the effect that the plaintiff Sa-
lona Green, one of the daughters of deceased, who was living
with him at his death, had no property of her own upon which
to maintain herself.  This evidence had no pertinent or compe-
tent bearing upon the extent of injury suffered by plaintiffs, for
which defendant could be held responsible, and its only effect
and inevitable tendency was undoubtedly to excite the sympa-
thies of the jury and improperly influence their finding upon

the question of damages.  Such evidence is never admissible in a case of this character, for the very simple reason that the extent of a defendant's responsibility for the results of his negligence is not to be measured by the condition as to affluence or poverty of the injured party at the time of suffering the injury, since that is a condition for which the defendant is in no way responsible; and as suggested by this court in *Mahony v. San Francisco etc. Ry. Co.,* 110 Cal. 471, 476, in discussing the same question: "Such testimony could have been offered for no other purpose than to create prejudice, and should have been excluded."  (See, also, *Malone v. Hawley,* 46 Cal. 409; *Chicago etc. R. R. Co. v. Johnson,* 103 Ill. 512; *Pennsylvania Ry. Co. v. Roy,* 102 U. S. 451; *Central R. R. Co. v. Moore,* 61 Ga. 151.)

Respondents contend that the evidence was material and relevant on behalf of this plaintiff to show that she had not the means of support, otherwise there would have appeared no obligation on the part of her father to support her—the evidence in the case showing that she was beyond the age of majority at his death; and it is urged that, being dependent upon her father, she had under the law a greater right or interest in his life than the other children, who, although of age, were able to maintain themselves.  But, obviously, whatever additional right or claim upon her father the fact of her indigence may have given her, it conferred no higher right against this defendant, nor put her in any different legal attitude, as to the latter, from that of her coplaintiffs.  Whatever her condition in life, she was entitled under the law, in common with her coplaintiffs, to maintain the action as one of the next of kin and heirs at law of the deceased; and it was solely in that capacity that the action was prosecuted.

The suggestion that the objection cannot be entertained because the plaintiff Salona was subsequently permitted, without objection, to testify to substantially the same matter as that stated by the witness Hayes, is without weight.  Where a party has once formally taken exception to a certain line or character of evidence, he is not required to renew the objection at each recurrence thereafter of the objectionable matter arising in the examination of other witnesses; and his silence will not debar him from having the exception reviewed.  None of the other

witnesses referred to in the brief made any mention of the question of the plaintiff Salona's property, and consequently no occasion for objection to their testimony on this ground arose.

2. The court also erred in admitting, for the purpose of impeaching the witness Harbard, the statements of the witness Todd as to the conversation had by the latter with Harbard, for the reason that no foundation was laid for such impeaching testimony. The conversation about which Harbard was interrogated was one supposed and referred to in the examination of the witness as having taken place between Todd and Harbard during the progress of the trial of this case in the court below in March, 1896, while the conversation about which Todd was permitted to testify, for the purpose of contradicting him, occurred in September, 1895. Apparently, there was no serious attempt made to comply with the requirements of the provision of the Code of Civil Procedure, section 2052, prescribing the method of impeaching a witness by showing that he has made contradictory or inconsistent statements, and the testimony of Todd should therefore not have been admitted. (Birch v. Hale, 99 Cal. 299, 302.)

3. On the subject of the measure of damages, the court charged the jury, at the request of the plaintiffs, in the twelfth instruction, that in determining the amount of damages they had the right to take into consideration "the pecuniary loss, if any, suffered by these plaintiffs by the death of said George N. Green; . . . . and also the relations proved to have existed between the plaintiff Mary Green, the wife of the deceased, and the deceased at the time of his death; and the damage, if any, sustained by her by the loss of his support, society, comfort, and care"; and again, in the nineteenth instruction, that the jury could "take into consideration the loss of the comfort, society, and protection of the deceased to his widow and children; and also you may take into consideration what the deceased would have probably earned by his labor in his business or calling during the residue of his life, and which would have gone for the benefit of his heirs or personal representatives, taking into consideration his age, ability, and disposition to labor, and his habits of living and expenditure. And the jury have the power to assess such pecuniary damages as under all the circumstances of the case may be just."

These instructions do not correctly state the rule or measure of damages in such cases. In *Morgan v. Southern Pac. Co.*, 95 Cal. 510, 29 Am. St. Rep. 143, it was held that in an action like the present, to recover damages for the death of a relative caused by negligence, the plaintiff can recover only for the pecuniary loss suffered by the plaintiff through the death of the relative; and that the loss of society, comfort, and care, suffered through the bereavement, can only be considered for the purpose of estimating such pecuniary loss. And this rule has been repeatedly upheld by this court in other cases. (*Pepper v. Southern Pac. Co.*, 105 Cal. 389; *Harrison v. Sutter Street Ry. Co.*, 116 Cal. 156, 168.) We think the instructions here given are clearly obnoxious to these principles. While the court did not in express terms so charge, its language is such as to clearly convey the impression to the minds of the jury that they were at liberty to assess the damages upon a basis outside of and beyond that solely of mere pecuniary loss. As said in the Harrison case, *supra*, in discussing an instruction of precisely similar import: "While the jury have the right in such a case to consider the loss suffered by the widow in being deprived of the comfort, society, and protection of her husband, they can regard these things only for the purpose of fixing the pecuniary value of his life. The form of the instruction here was calculated to lead the jury into the error of supposing that they could on this account add something more than pecuniary loss."

This vice in the charge was not cured by the instruction given at the request of the defendant that they should confine their verdict to the pecuniary damage suffered, since it cannot be told which instruction the jury followed. (*Pepper v. Southern Pac. Co., supra.*)

4. At the request of the plaintiffs, the court instructed the jury that negligence of the defendant might be inferred if it did not "ring the bell or sound the whistle continuously for the distance of eighty rods before reaching the crossing." This instruction imposes a greater burden upon the defendant than that with which they are charged by the statute. (Civ. Code, sec. 486.) That provision requires that the bell shall be rung at a distance of eighty rods from the crossing and kept ringing until it is past the crossing, or that the whistle be sounded at

the like distance, and kept sounding at intervals. The fault in the instruction is that it contemplates the necessity by the defendant of either ringing the bell continuously or that the whistle shall be continuously sounded. In this respect the instruction is not in accord with the statute.

5. The court also gave to the jury, at plaintiff's request, the following instruction: "The jury are further instructed that an elderly person has a right to drive and travel upon the highway and cross railroad tracks. And while such person must use ordinary care and prudence in crossing a railroad track, and use such ordinary care as is necessary to protect themselves, having in view their condition, yet the railroad company must also conduct its business, and it and its servants must keep in view that old persons may have occasion to cross its tracks on a public road."

This instruction was not only not pertinent to anything in the case, but it did not correctly state the law. It would seem to imply that there was that in the age or condition of the deceased which called for the exercise of greater care by defendant than in the case of an adult person of less advanced years. There was nothing in the evidence to sustain such implication. While the deceased was a man of comparatively advanced years, he was strong and healthy, and, the evidence being silent on the subject, he was presumptively in the full possession and enjoyment of his faculties, including the senses of sight and hearing. But, moreover, had the evidence disclosed a different state of facts in this regard, the instruction wholly ignores the element of knowledge on the part of the defendant or its servants of any such defect. Unless the defendant knew, or had reason to believe, that the deceased was from some cause not possessed of the ordinary ability to care for himself, it had the right to presume that he possessed such ability and would take the ordinary precautions to protect himself from injury. (*Holmes v. South Pac. Coast Ry. Co.*, 97 Cal. 161, 168.)

There are some further criticisms upon the instructions which we have examined, but do not deem it necessary to notice particularly, as in our judgment they involve no material error.

For the reasons given the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Garoutte, J., concurred.