[L. A. No. 3808.   Department One.—October 25, 1917.]

## CLARA B. STEINBERGER et al., Respondents, v. CALIFORNIA ELECTRIC GARAGE COMPANY, Appellant.

NEGLIGENCE—PERSONAL INJURIES—ACTION FOR DAMAGES—EVIDENCE— POVERTY OF PLAINTIFF — MENTAL SUFFERING.—Evidence of plaintiff's poverty in an action for damages for personal injuries is inadmissible, and may not even be considered as a part of mental suffering for which damages may be awarded.

ID.—INSTRUCTIONS—AUTOMOBILES—ONE MACHINE TOWING ANOTHER— DUE CARE.—One has a right to tow an automobile on a city street by means of another machine, provided he exercises due care for the safety of others; and in an action for damages for injuries sustained by a pedestrian by tripping over the tow rope, what is due care by the person in charge of the machine is a question for the jury based on the facts and circumstances of the particular case.

ID.—INSTRUCTIONS—AUTOMOBILE—USE OF TOW ROPE—DUTY TO WARN OTHERS OF OBSTRUCTION.—In an action to recover damages for personal injuries sustained by a pedestrian through tripping over a rope used in towing one automobile by another, an instruction to the effect that the use of the rope placed a burden on the defendant to warn others of the obstruction was error, as the question whether or not such warning was necessary depended upon surrounding conditions, the presence or absence of sufficient light at the street crossing where the accident occurred, the size and color of the rope, and other pertinent facts in the possession of the jury.

ID.—NEGLIGENCE OF PLAINTIFF IN ISSUE.—In such an action the negligence of the plaintiff being in issue, it was error to instruct the jury that, in the exercise of due care in crossing between the two vehicles, she was not bound by the presence of the rope, unless she observed it, or it was called to her attention, was error, as whether or not she was negligent in not seeing the rope was a matter to be decided by the jury.

ID.—WHEN ERROR NOT CURED.—An instruction in such case that the towing of an automobile by a rope is in itself lawful if due care is exercised does not cure the error in the charge that due care required a warning to be given regardless of the contingency that the jury might find a warning unnecessary in this particular case.

ID.—EVIDENCE — IMPEACHMENT OF WITNESS — TESTIMONY AS TO COLLATERAL FACT.—In such an action, where the driver of the rear car had on cross-examination denied that, while he was taking the injured plaintiff home, he had stated that four other persons had tried to cross between the two machines before they reached the corner where the accident occurred, it was error to permit the plaintiff to be recalled and testify over objection to the contrary, as the latter testimony was as to a collateral fact which could not be used to impeach the driver.

ID.—SIMILAR INSTANCES OF NEGLIGENCE.—Negligence or the absence of it cannot be proved by similar instances.

ID.—INSTRUCTIONS — MEASURE OF DAMAGES — MENTAL SUFFERING — PROSPECTIVE FUTURE SUFFERING.—In view of a correct instruction given as to the right of the jury to award damages for pain and physical and mental suffering which they might find the plaintiff was "*certain* to suffer in the future," a further instruction as a continuation of the same instruction, that the mental worry and distress, if any, which one suffers "or *may* suffer by reason of his physical injuries are, in contemplation of law, component parts of his mental sufferings for which damages may be awarded," does not violate the rule that it is not permissible to allow a recovery for "future suffering" which is not certain to occur; as the additional matter merely explains to the jury what mental suffering comprehends and that it is one of the elements to be considered.

ID.—DEGREE OF NEGLIGENCE.—The law does not recognize degrees of negligence in actions for personal injuries, and an instruction that conveys the idea that although the plaintiff was guilty of contributory negligence she is not barred from recovery if her negligence was slight is erroneous.

ID.—CONTRIBUTORY NEGLIGENCE.—Negligence is the failure to exercise ordinary care, and any want on the part of the plaintiff of the care which is appropriate to the circumstances is negligence, and if it be one of the proximate causes of the injury, will prevent a recovery.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Milliken, and Walter K. Tuller, for Appellant.

G. P. Adams, and J. G. Rossiter, for Respondents.

LAWLOR, J.—The plaintiffs, husband and wife, brought suit to recover for personal injuries to the wife, alleged to have been caused by the negligence of defendant. The jury returned a verdict for plaintiffs for five thousand four hundred dollars. From the judgment and from an order denying a new trial, defendant appeals.

The undisputed facts are that on the evening of September 10, 1910, one of the defendant's employees was driving an electric automobile of defendant through the business district of Pasadena and towing a gas-car guided by another servant of defendant, one Knight. Both cars, displaying the usual lights, stopped at a well-lighted corner, where the plaintiff, Clara B. Steinberger, was about to cross. The machines started up again, traveling at about three miles an hour, when Mrs. Steinberger attempted to pass in the rear of the electric machine and in front of the gas-car. She tripped over the tow-rope and fell. It is for the injuries alleged to have been sustained by reason of this fall that the plaintiffs sue. Mrs. Steinberger testified that she did not see the rope between the two machines, and that the distance between them was about twenty feet, giving her ample time to pass between them because of the slow speed at which the cars

were traveling. There was evidence on behalf of the defendant that the distance between the two cars was only twelve feet. Knight, the driver of the rear automobile, testified that he saw Mrs. Steinberger about to cross in back of the first car and called to her to look out for the rope. The driver of the first machine and Miss Parmalee, who was riding with Knight, stated that they heard him give the warning, but could not repeat what he had said. Mrs. Steinberger testified that she did not hear any warning. It was not denied that before the accident Mrs. Steinberger was a strong, healthy woman, able to do all her housework and care for her family, and that at the time of the trial she had lost a great deal of weight, was nervous and anemic, and unable to do much of her housework. It was also shown that she had had a miscarriage after the accident, but defendant denied that the miscarriage or weakened condition was due to the fall, and introduced some expert evidence to that effect.

The first point made by appellant is that Mrs. Steinberger was permitted, over objection, to testify that neither she nor her husband had any property except their household goods and two hundred dollars in money, and that her husband was a motorman, who "drew a salary of between ninety and ninety-five dollars a month, and our family consisted of ourselves and our three minor children, the eldest of which was nine at the time of the accident, and the youngest under two. I suffered to a great extent in being disabled to do my household duties and looking after the children. I was worried about the fact of them—knowing they had to be brought up and educated in the right way, so that they could go on through life, and I worried a great deal about that, and my husband being employed just by the day, not knowing what day he would lose his job, not knowing how long he would hold it, put me where I worried over that to a great extent, and I had to employ help all along, and my children have been deprived of the pleasures of other children because I have been disabled and could not look after them, and could not show them any attention like a mother ought to show her children, on account of me being sick and nervous all the time." Defendant claims it was error to admit evidence of poverty. This contention must be sustained. It seems to be the rule, supported by a long line of decisions in this state and elsewhere, that evidence of the plaintiff's poverty is in-

admissible in an action to recover damages for personal injuries. (*Green* v. *Southern Pac. Co.*, 122 Cal. 563, [55 Pac. 577], citing *Mahoney* v. *San Francisco etc. Ry. Co.*, 110 Cal. 471, 476, [42 Pac. 968, 43 Pac. 518]; *Malone* v. *Hawley*, 46 Cal. 409; *Chicago etc. R. R. Co.* v. *Johnson*, 103 Ill. 512; *Pennsylvania Co.* v. *Roy*, 102 U. S. 451, [26 L. Ed. 141]; *Central R. R. Co.* v. *Moore*, 61 Ga. 151. See, also, *Story* v. *Green*, 164 Cal. 768, 770, [Ann. Cas. 1914B, 961, 130 Pac. 870].) Referring to such testimony, the court said in *Green* v. *Southern Pac. Co.*, *supra:* "Its only effect and inevitable tendency was undoubtedly to excite the sympathies of the jury and improperly influence their finding upon the question of damages. Such evidence is never admissible in a case of this character, for the very simple reason that the extent of a defendant's responsibility for the results of his negligence is not to be measured by the condition as to affluence or poverty of the injured party at the time of suffering the injury, since that is a condition for which the defendant is in no way responsible."

The respondents seek to justify the introduction of the evidence in the case at bar by the claim that it was offered as a part of the showing that plaintiff suffered "mental worry." The case of *Merrill* v. *Los Angeles G. & E. Co.*, 158 Cal. 499, [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac 534], is relied on to support the ruling admitting this evidence. In that case the court held that the jury might consider worry as a component part of mental suffering for which damages may be awarded. In the discussion of this question in the opinion, the court, in illustrating varying conditions which may enhance or diminish the extent of such suffering, refers to the "nervous temperament of the individual, his ability to stand shock, his financial condition in life, whether dependent upon his own labor or not, the nature of his injuries, whether permanent or temporary, disfiguring and humiliating, and so through a long category, the enumeration of which it is unnecessary here even to attempt." From this language it is sought to draw the conclusion that every fact which might bear upon these considerations, or upon the innumerable other factors of worry which might be imagined may be given in evidence. We think the decision was not intended to have so far-reaching an effect. The single question under discussion was the correctness of an instruction which told

the jury that, in estimating damages, they might consider mental worry caused by the injuries. In holding the instruction to be correct, the learned justice writing the opinion saw fit to explain the meaning of the term "mental worry" by a reference to some of the circumstances which might produce such a state of mind. The language used in this regard, while appropriate in an opinion, was not intended to declare a rule of law suitable for incorporation in an instruction to a jury. Nor yet was it intended to declare that direct evidence of all of the matters thus stated by way of illustration was proper to be presented to a jury. On strictly logical grounds it is, perhaps, difficult to say why a plaintiff should not be allowed to show every fact connected with his situation in life. One can conceive of innumerable factors in the life of every individual, and of his relation to others, which might be thought to have some relevance to the extent of worry which would result in case of an injury to him. But logical relevancy is not the sole test of the admissibility of evidence. Certain kinds of evidence, although material to the issue, are excluded because of their tendency to mislead, confuse, or prejudice the jury. We think that proof of the poverty of the plaintiff in personal suits is a fair example of the danger of injustice through the introduction of evidence of this kind, which has always, and we think properly, been regarded as outweighing the advantages to be derived from permitting it to be offered. To allow such evidence to go in under the plea that it forms an element to be considered in weighing the worry or other mental suffering occasioned to the plaintiff would be to open the door to its admission in all cases of this kind. Every person sustaining physical injuries will suffer mentally. If, under the guise of showing the extent of such mental suffering, the plaintiff may show his poverty, and consequent worry, he may on the same ground introduce in evidence a mass of circumstances which in themselves would not be proper elements of damage because too remote or speculative, bringing them in by the claim that he suffered increased worry by brooding over these extraneous factors. To allow such evidence at all is to invite parties to actions of this character to confuse the inquiry with an incalculable medley of collateral issues. We think no injustice will be done, and great may be prevented, by adhering to the rule

declared in *Green* v. *Southern Pac. Co.* and the other cases cited above.

Defendant complains of the following instruction: ''When the defendant's employees extended the rope between the two moving automobiles it obstructed a space *which ordinarily is clear, and is measured as a passage by pedestrians with an eye only to the extent of the space.* The fact that this device was necessary to move the rear automobile would not free the defendant *from the imputation of negligence.* If, as a consequence of such device, it obstructed the street, it was bound to observe due care to *apprise* or *warn* other users of the street of the obstruction. The defendant's employees, as they approached this cross-walk, were bound to foresee that pedestrians might be there intending to attempt a passage between these automobiles. And you are instructed that the plaintiff, Mrs. Steinberger, *had a right to* suppose that there was no obstruction by rope or other like attachment *of the clear space between the two automobiles thus equipped save so far as she observed it or her attention was directed to it, if such was the case.''* It is urged that this is an instruction on the facts, and prejudicial error. Considering the state of the evidence, this contention must be sustained. The defendant clearly had a right to tow its machine on the street, provided it exercised due care for the safety of others. What is due care is a question for the jury, based upon the facts and circumstances of the particular case. It was therefore error to tell the jury that the extending of the rope between the two automobiles placed a burden on the defendant to warn others of the obstruction. Whether or not such warning was necessary depended upon the surrounding conditions; the presence or absence of sufficient light at the crossing, the size and color of the rope, and other pertinent facts in the possession of the jury. It was also error to tell the jury that Mrs. Steinberger, in the exercise of due care in crossing between the two vehicles, was not bound by the presence of the rope unless she observed it or it was called to her attention. Whether or not Mrs. Steinberger was negligent in not seeing the rope was an issue raised by the defendant, and it had a right to have such matter decided by the jury. On the issue of negligence of the defendant and contributory negligence of Mrs. Steinberger, the evidence as set out above is not so overwhelming in favor of the plaintiffs that we can

hold the giving of the instruction not prejudicial.   Other instructions declared that the towing of an automobile by a rope is in itself lawful, if due care is exercised, but did not cure the defect in the charge that due care required a warning to be given, regardless of the contingency that the jury might find such warning unnecessary in this particular case.

Other points are made by appellant which should be noticed.   The witness Knight, who had driven defendant's rear car, was asked on cross-examination whether he had not stated to Mrs. Steinberger, while taking her home after the accident, that four other persons had tried to cross between the two machines before they reached the corner where Mrs. Steinberger was injured.   Upon his denying the imputed declaration Mrs. Steinberger was recalled and over objection testified to the alleged conversation.   The testimony thus elicited was as to a collateral fact which could not be used to impeach Knight.   The plaintiffs could not have brought it out as independent evidence, because its only tendency was to show that others could not see the rope, and that Mrs. Steinberger was therefore not negligent in not seeing it, or that the fact that others did not see it should have indicated to Knight that some warning was necessary.   Negligence, or the absence of it, cannot be proved by similar instances (*Martinez* v. *Planel,* 36 Cal. 578, and cases cited), and the necessity of a warning to Mrs. Steinberger could only be determined by the surrounding circumstances in her particular case.   The effect of permitting such impeachment might have been to discredit the other testimony of Knight, who stated that he had given proper warning, and must therefore be regarded as prejudicial.

On the measure of damages the jury were instructed: ''In respect of the amount of damages to be awarded to the plaintiff, in case you find a verdict in her favor, I instruct you that in cases of this sort compensation is the measure of damages, and may be awarded for detriment resulting after as well as before the commencement of this action, or certain to result in the future: and may include . . . Fourth.   Such reasonable sum as you may award her for the pain and physical and mental suffering, if any, resulting from her said injuries, and which you may find and believe from the testimony she is certain to suffer in the future.''   The court then continued: ''And I further instruct you that the mental

worry and distress and grief and mortification and humiliation, if any, which one suffers, or *may* suffer, by reason of his physical injuries are in contemplation of law component parts of his mental sufferings for which damages may be awarded. . . . '' It is of this latter portion of which appellant complains on the theory that it permits recovery for future suffering which is not certain to occur. *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113, [91 Pac. 522], declares the rule as urged by appellant, but we do not think that the instruction complained of violates this rule. It merely explains to the jury what mental suffering comprehends, and that it is one of the elements to be considered. It cannot be taken as an instruction that plaintiffs can recover for suffering which might occur, the preceding portion having already stated that the award must be for mental suffering which Mrs. Steinberger ''is certain to suffer in the future.''

The defendant's contention that the court's instruction No. 8 is objectionable must be sustained. The last two paragraphs of that instruction seem to convey the idea that even though the plaintiff was guilty of contributory negligence, she is not barred from a recovery if her negligence was slight. The law of this state does not recognize degrees of negligence, at least in cases of this character. Negligence is the failure to exercise ordinary care. Any want, on the part of the plaintiff, of the care which is appropriate to the circumstances is negligence, and if it be one of the proximate causes of the injury, will prevent a recovery. (Civ. Code, sec. 1714.) The instruction in question tells the jury that contributory negligence will not bar a recovery ''if it be so slight as not to amount to a want of ordinary care.'' This is inaccurate and confusing. The term ''contributory negligence'' in itself implies a want of ordinary care. If there was such a want, it matters not how slight might have been the deviation from the required standard. If the conduct of the plaintiff did not amount to a want of ordinary care, it did not constitute negligence at all. To speak, therefore, of negligence which is so slight as not to amount to a want of ordinary care is to use terms which are self-contradictory.

Defendant also complains that the trial court erred in giving other instructions requested by plaintiffs and in refusing to give certain instructions submitted by defendant. We find, however, that while some of the instructions given were

not very lucid, this defect was cured by other instructions which did state the law clearly. The defendant's rejected instructions had either been embodied in those given or were not required. This also applies to the additional instructions proposed by the defendant which the court refused to consider because not submitted within the time fixed by the rules of the superior court. Moreover, we have examined these instructions and cannot say that such refusal was an abuse of discretion.

For the errors above indicated the judgment and order denying a new trial are reversed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.