[Civ. No. 2310. Third Appellate District.—June 20, 1921.]

INEZ SHEBLEY, as Administratrix, etc., Respondent, v. W. C. PETERS et al., Defendants; G. A. REICHMAN, Appellant.

[1] NEGLIGENCE—DEATH OF MARRIED MAN—ACTION FOR DAMAGES— EVIDENCE—FAMILY RELATIONS—SUPPORT.—In an action for damages for the death of a married man due to the negligent operation of an auto-stage in which he was riding as a passenger, it is proper to permit the widow of the deceased to answer questions the purpose of which is to show that the family were living happily together and that they were supported by the wages of the deceased.

[2] ID. — USE OF EARNINGS — NECESSITY FOR SUPPORT AND MAINTENANCE OF FAMILY—PLEADING—ADMISSIONS.—Where, in such an action, the complaint alleges and the answer admits that at the time of his death the deceased "was, and for a long time prior thereto had been, using his earnings in the support and maintenance of his wife, his children and himself," this implies that they were necessary for that purpose and that the family were dependent upon them.

[3] ID.—SUPERFLUOUS QUESTIONS—LACK OF PREJUDICE.—It could not be prejudicial to ask simply an unnecessary and superfluous question, as to inquire of a witness concerning a fact that was admitted by the pleadings.

[4] ID.—ERROR—INJURY—BURDEN OF PROOF.—Injury is no longer presumed from error, but the appellant must affirmatively show that the error upon which he relies was prejudicial.

[5] ID.—ERROR IN ADMISSION OF EVIDENCE—APPEAL—RECORD—ASSUMPTION.—Where the record on appeal from a judgment in favor of the plaintiff in an action for damages for the death of plaintiff's intestate does not contain the evidence received at the trial

or the instructions of the court, it must be assumed in favor of the judgment that the evidence showed without any conflict that plaintiff was entitled to recover the full amount of the verdict and that the defendant proposed, and the court gave, an instruction to the jury to disregard the particular evidence, the admission of which defendant claimed constituted error.

[6] ID.—DEATH OF HUSBAND—MEASURE OF DAMAGES.—In an action for damages on behalf of a widow and children for an injury causing the death of the husband and father, the pecuniary loss suffered because of the death is the measure of damages. (Opinion of supreme court on denial of hearing.)

[7] ID. — EVIDENCE — DEPENDENCE OF WIDOW AND CHILDREN IMMATERIAL.—In such an action, evidence is not admissible to show that the widow and children were dependent upon the decedent for support, their loss being the same regardless of their dependence upon him for support. (Opinion of supreme court on denial of hearing.)

[8] ID.—EVIDENCE—EARNING ABILITY OF HUSBAND—DEPENDENCE OF WIFE AND CHILDREN.—In such an action, evidence of the ability of the deceased to earn money may be admissible to show the quality of the support he should give the wife and minor children, but evidence that they have no means of their own and that they are dependent upon him for their support is not admissible. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Siskiyou County. James F. Lodge, Judge. Affirmed.

The facts are stated in the opinion of the court.

Taylor & Tebbe and C. E. Johnson for Appellant.

John W. Preston for Respondent.

BURNETT, J.—The action was for damages for the death of F. A. Shebley occurring while he was a passenger in an auto-stage run and operated by appellant between Yreka and Fort Jones, in Siskiyou County. At the trial the case was dismissed as to all the defendants except appellant. The claim was based upon alleged negligence of the driver in the operation of the machine and the failure of the owner to keep said auto in proper condition and repair.

6. Measure of damages for death of husband or parent, notes, 3 Ann. Cas. 103; 16 Ann. Cas. 932.

Defendants denied any negligence and claimed the accident was occasioned by a latent defect in a wheel of the machine, which no degree of care could have avoided. The cause was tried before a jury and a verdict rendered in favor of plaintiff for the sum of sixteen thousand five hundred dollars, and the appeal is from the judgment following said verdict. Appellant states: "This appeal is based entirely upon errors in law committed by the court in the trial of said cause by permitting plaintiff over the objections of appellant to introduce evidence showing the poverty of the widow and children of plaintiff's intestate." [1] The question to which the objection was made is as follows: "Except as you stated—were you at the time of his death dependent upon him for support?" The objection was general in its nature, and it was overruled by the court. The answer was in the affirmative and it was followed by this question: "That is true also with the children as with you?" To this the witness answered, "Yes, sir." While there was no objection made to this latter question, it would be implied from the objection to the preceding similar question.

Appellant relies in support of his objection upon the decision of the supreme court in *Shea* v. *Potrero & Bay R. R. Co.*, 44 Cal. 415; *Malone* v. *Hawley*, 46 Cal. 409; *Mahoney* v. *San Francisco & San Mateo Ry. Co.*, 110 Cal. 471, [42 Pac. 968, 43 Pac. 518]; *Green* v. *Southern Pac. Co.*, 122 Cal. 563, [55 Pac. 577]; *Story* v. *Green*, 164 Cal. 768, [Ann. Cas. 1914B, 961, 130 Pac. 870]; *Steinberger* v. *California Electric etc. Co.*, 176 Cal. 386, [168 Pac. 570].

It is not necessary to review these decisions, but it is sufficient to say that, in each, the inquiry which was condemned related directly to the property of the plaintiff or the affluence of the defendant and was made obviously for the purpose of exciting the sympathy or prejudice of the jury. Herein, it is the claim of respondent that the inquiry was proper because "it related to the relationship between widow and deceased and between children and deceased and, besides, it referred to the relationship *at the time of the death* of the deceased, and not *at the time of the trial.*" Plaintiff avows that the purpose of the questions was to show that the family were living happily together and that they were supported by the wages of the deceased. Such

inquiry would be, of course, entirely proper. (*Simoneau* v. *Pacific Electric Ry. Co.*, 159 Cal. 494, [115 Pac. 320]; *Kramm* v. *Stockton Electric R. R. Co.*, 22 Cal. App. 757, [136 Pac. 523].)

The questions might have been phrased more accurately to reach that objective, and may have been open to criticism for indefiniteness, but appellant made no such objection, contenting himself with the statement that the question was "incompetent, immaterial, and irrelevant." The questions, indeed, may reasonably be considered as signifying, "Were you and your children supported by your deceased husband?" In fact, since plaintiff relied upon the loss of support by deceased as an important element of the damages caused by his death, it was manifestly important for the jury to know to what extent the surviving members of the family had been dependent upon that support, in order that this element of damage might be properly appraised.

[2] In this connection it may be said that the questions were unnecessary, for the reason that the plaintiff alleged and the answer admitted the following: "At the time of his death said F. A. Shebley was, and for a long time prior thereto had been, using his entire earnings in the support and maintenance of his wife, his children and himself." This implies that they were necessary for that purpose and that the family were dependent upon them. [3] Of course, it could not be prejudicial to ask simply an unnecessary and superfluous question, as to inquire of a witness concerning a fact that was admitted by the pleadings. (*Dyas* v. *Southern Pacific Co.*, 140 Cal. 296, [73 Pac. 972].)

[4] But assuming that the court committed error in overruling the objection to the question, it would be entirely improper for an appellate court to reverse the judgment. This follows from the consideration that an appellant must affirmatively show that the error upon which he relies was prejudicial. (*Meyers* v. *Canepa*, 37 Cal. App. 556, [174 Pac. 903, 906]; *Mathes* v. *Aggeler & Musser Seed Co.*, 179 Cal. 697, [178 Pac. 713].)

In other words, the rule now is that injury is no longer presumed from error. (*Vallejo R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, [147 Pac. 238].)

[5] How can it be said that prejudice has been shown when the appellant has not brought up the evidence re-

ceived at the trial or the instructions of the court? Indeed, as pointed out in the last-mentioned citation, it is the duty of an appellate court under section 4½ of article VI of the constitution to determine from an examination of the evidence that an error complained of "has resulted in a miscarriage of justice" before it is authorized to reverse a judgment, unless the nature of the error be such as necessarily to result in prejudice. Manifestly, the error herein, if it be error at all, is not of such nature as necessarily to result in prejudice.

Since all the intendments are in favor of the judgment we must assume that the evidence showed without any conflict that plaintiff was entitled to recover the full amount of the verdict. We must go further, upon the theory that the ruling complained of was erroneous, and assume that the defendant proposed an instruction, and the court gave it, for the jury to entirely disregard such evidence. The case is the same in legal contemplation as though such a record were before us. Such being the situation, it can hardly be seriously contended that it is shown that the ruling complained of in relation to a question, the propriety of which might be open to controversy, resulted in a miscarriage of justice or prejudice to the substantial rights of appellant. To the contrary, it must be held that no prejudice has been shown, and it would be in opposition to precedent and in violation of the established principle of appellate practice for this court to reverse the judgment.

For further discussion of this rule by which appellate courts must be governed in the consideration of supposed errors we may refer to *People* v. *O'Bryan,* 165 Cal. 55, [130 Pac. 1042]; *Jameson* v. *Tully,* 178 Cal. 380, [173 Pac. 577]; *Reid* v. *Superior Court,* 44 Cal. App. 349, [186 Pac. 634].

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 19, 1921, and the following opinion then rendered thereon:

THE COURT.—We are not satisfied with the treatment by the district court of appeal of the question whether or not in an action for damages on behalf of a widow and children for an injury causing the death of the husband and father, evidence is admissible to show that the widow and children were dependent upon the decedent for support.

[6] It is well settled that in such an action the pecuniary loss suffered because of the death is the measure of the damages. The admissibility of evidence to show that they were dependent upon the decedent for support depends upon the question whether that fact does or does not enhance their loss. [7] We think it is clear that such evidence is not admissible and that this is so because their loss is the same regardless of their dependence upon him for support. They were entitled to demand of him a support in accordance with his station in life. Such support it is the right of every wife and minor child to receive from the husband and father, even if they are not dependent upon him at all, but have ample means of their own. It is that support of which they have been deprived by his death and it is compensation for that loss that they are entitled to have by the verdict. The amount would be precisely the same if they were not dependent upon him as if they were; it is that support which he may be able to give them suitable to his station in life. [8] Hence evidence of his ability to earn money may be admissible to show the quality of the support he should give them, but evidence that they have no means of their own and that they are dependent upon him for their support is not admissible because it is immaterial, and because it is likely to be injurious on the question of damages from the fact that it tends to arouse a sympathy which has no place in the estimation of the pecuniary loss. Perhaps the defendant in such a case may have the right to prove that the deceased could earn but little or nothing, in order to reduce the damages, but the plaintiffs may not prove their dependence upon him in any case, for they are entitled to support from him in any event, even if they do not get it. The presumption, in the absence of proof, is that they did get the support they were entitled to, and evidence is not necessary from the plaintiffs to prove that fact.

But this evidence could be of no effect in the case except on the subject of damages. We are satisfied with the second proposition of the opinion of the district court of appeal to the effect that even if the admission of the evidence was erroneous, the record does not show that it caused a miscarriage of justice. There is abundant evidence to support the finding on the question of the amount of damages, without resort to the sympathy that might have been aroused by the evidence objected to. Under the constitution we should not reverse a case for any error in the admission of evidence unless from the whole case we shall be of the opinion that the result of the error was a miscarriage of justice. (Const., art. VI, sec. 4½.) An examination of the evidence in this case does not produce that opinion in our minds. Consequently there should be no reversal.

It is ordered that the petition for a rehearing in this court be denied.

All the Justices concurred, except Angellotti, C. J., who was absent.