[Civ. No. 3953.   Second Appellate District, Division One.—February 4, 1924.]

MARY L. DAVIS, Respondent, v. GEORGE E. DAVIS, Appellant.

[1] HUSBAND AND WIFE—SEPARATE MAINTENANCE—ABILITY OF HUSBAND — NECESSITY OF WIFE—PLEADING—JUDGMENT—APPEAL.—In an action by the wife for separate maintenance, while it is better pleading for her in her complaint to state the facts as known to her concerning the income earning capacity of the defendant, and also facts showing the extent of her need of support, neither of these omissions furnishes a sufficient ground for reversal of the judgment awarding her separate maintenance, as well as certain community property, where the complaint alleges that defendant is actively engaged in the employment of his trade as a plumber and the contents of the complaint are sufficient to inform defendant that plaintiff will ask the court to award her a suitable allowance, together with a separate interest in the community property, and the allegations of such complaint are admitted by defendant by his failure to appear and defend, although personally served with summons and complaint.

[2] ID. — RIGHT OF WIFE TO SUPPORT — DEPENDENCE IMMATERIAL. — Every wife is entitled to demand of her husband a support in accordance with his station in life, even if she be not dependent upon him at all and although she has ample means of her own.

APPEAL from a judgment of the Superior Court of Los Angeles County. Thos. O. Toland, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. M. Caldwell for Appellant.

Georgia P. Bullock for Respondent.

CONREY, P. J.—In this action the plaintiff obtained a decree against her husband, the defendant, whereby the defendant is ordered to pay to the plaintiff as separate maintenance for her support the sum of fifty dollars per month. By the same decree, the court awarded to the plaintiff certain community property consisting of a house and lot described in the complaint and in the decree.

The complaint stated facts showing that the defendant had been guilty of extreme cruelty toward the plaintiff,

and that at a date about two months prior to the commencement of this action, and at all times thereafter, defendant willfully and without cause deserted and abandoned the plaintiff. The complaint did not make any definite statement concerning the income or earning capacity of the defendant, other than that during the immediately preceding two years "defendant has been working as a plumber." And the complaint contained no allegation concerning the necessities of the plaintiff or the amount necessary for her support; although it was stated that the alleged acts of the defendant inflicted upon the plaintiff grievous bodily injury and grievous mental suffering, and that her health had been greatly impaired thereby. Basing her claim upon the facts above stated, plaintiff in her complaint asked "that she be awarded a permanent support of sufficient amount to support herself," and that the community property be assigned to the respective parties in such proportion as the court should find to be just. Summons and complaint were duly served upon the defendant personally. As he did not appear to defend, his default was entered, and the court proceeded to hear and determine the matter. Thereupon judgment awarding separate maintenance was entered as hereinabove stated. The defendant now appeals from the judgment.

The points presented in support of the appeal are that the complaint is fatally defective in that it contained no allegation showing the necessity for plaintiff to receive from defendant any sum whatsoever for her maintenance; that the defendant by his default admitted nothing more than the facts alleged in the complaint; that the judgment is erroneous in that it makes an allowance for attorneys' fees. As to the last point, it does not appear that such allowance was made by the judgment.

Section 137 of the Civil Code provides that when the wife has any cause of action for divorce, she may, without applying for divorce, maintain an action against him for permanent support and maintenance; and that the court in granting the wife permanent support and maintenance of herself or of herself and children in any such action shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction. It has been held that in an action

for divorce where the decree was entered by default, and the complaint contained no allegations of defendant's ability to pay alimony, it could not successfully be maintained that the portion of the judgment requiring the payment of a sum for the support of the plaintiff was void, merely because no statement of the husband's ability to pay was contained in the complaint. "The provision for support in such cases is ordinarily an incident of the judgment of divorce; the jurisdiction of the court (which is the extent of our concern at present) to make such provision is not dependent upon averments in the complaint of the husband's resources—any more than its power to dispose of the children depends upon an allegation of the relative fitness of the parents for their custody." (*Gaston* v. *Gaston,* 114 Cal. 542 [55 Am. St. Rep. 86, 46 Pac. 609]; *Cohen* v. *Cohen,* 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267].)

[1] While it would have been better pleading if the plaintiff in her complaint had stated the facts so far as known to her concerning the income or earning capacity of the defendant, and also facts showing the extent of the plaintiff's need of support, yet we are of the opinion that neither of these omissions furnishes a sufficient ground for reversal of the decree from which this appeal has been taken. The contents of the complaint were sufficient to inform the defendant that the plaintiff would ask the court to award her a suitable allowance, together with a separate interest in the community property. The complaint alleged that the defendant was actively engaged in the employment of his trade. By his default the defendant admitted the facts alleged. Those facts were sufficient to raise an inference that he was able to pay some amount toward the support of his wife. [2] It is the law that every wife is entitled to demand of her husband a support in accordance with his station in life, even if she be not dependent upon him at all and although she has ample means of her own. (See opinion by supreme court following opinion of court of appeal in *Shebley* v. *Peters,* 53 Cal. App. 288, at p. 293 [200 Pac. 364, 366].) The facts alleged were sufficient to state a cause of action.

Considering that the amount of the allowance is apparently very moderate, and considering further that the court by law has authority to modify the amount of such allowance,

from time to time as may appear to be just, it becomes very clear, notwithstanding some indefiniteness in plaintiff's pleading, that no miscarriage of justice has occurred.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.