[Civ. No. 6530.  First Appellate District, Division One.—December
13, 1928.]

BEN GREGORIEV, as Administrator, etc., Respondent,
v. NORTHWESTERN PACIFIC RAILROAD COM-
PANY (a Corporation), Appellant.

Goodfellow, Eells & Orrick, R. W. Palmer and Geary & Geary for Appellant.

Hilliard Comstock and Bell & Simmons for Respondent.

KNIGHT, J.—This is an action for damages, and is a companion case to one entitled *Gregoriev* v. *Northwestern Pacific R. R. Co.*, Civil No. 6257, *ante*, p. 428 [273 Pac. 76], wherein the judgment in favor of the plaintiff has been this day affirmed by this court. The actions arose out of a collision which occurred between Gregoriev's automobile and the steam train of appellant at a grade crossing, near Guerneville, Sonoma County. At the time of the accident Gregoriev was driving his own automobile—a seven-passenger sedan—and riding with him were his wife, two daughters, aged twelve and eleven years, respectively, and a son, aged six years. As a result of the collision Gregoriev's wife sus-

tained injuries from which she died within a few hours after the accident, and Gregoricv and the children were all more or less severely hurt, one of the girls being permanently crippled by having suffered a fractured spine.

The companion action was commenced by Gregoriev in his own right to recover damages which he claims to have sustained on account of his personal injuries, the destruction of his property, expenses incurred by him in providing medical treatment and hospitalization for his family, and loss of his daughter's services. It was tried before a jury and a verdict was rendered in respondent's favor; and from the judgment entered thereon the Railroad Company appealed, with the result above stated. The present action was brought by Gregoriev, as administrator, to recover damages on behalf of himself and minor children on account of the death of his wife. It was tried before the court sitting without a jury, and judgment was given in respondent's favor, from which the Railroad Company also appealed.

The two main grounds urged for reversal here are that respondent was guilty of contributory negligence as a matter of law in that he drove upon the railroad crossing, as appellant claims, without taking precautions for his own safety and that of his family; and that the trial court erred in admitting in evidence, over appellant's objection, a letter, dated July 26, 1922, written by R. S. Coon to the appellant company requesting the erection and maintenance of railroad crossing signs at the crossing where the collision occurred.

The evidence adduced at both trials as to the circumstances leading up to and attending the accident was substantially the same, and the two identical points now urged for reversal were fully presented on the other appeal upon the same argument and authorities now submitted; but it was there held that the same were not maintainable. Therefore, in accordance with our decision in that case, and upon the grounds and for the reasons set forth in the opinion rendered therein, it must be held here that said points are without substantial merit.

Appellant urges also that the trial court erred in allowing respondent to introduce testimony concerning the injuries received by respondent's daughter, and in admitting in evidence a map which will be hereinafter referred to.

■ With respect to the admissibility of said testimony the well-recognized rule is that evidence of permanent afflictions of a child, existing at the time of the death of the parent, by reason of which the child had a right to expect from the parent, had the parent lived, a greater measure of comfort, care, and assistance than had such affliction not existed, may be introduced to aid the jury in its determination of the appropriate damages, and is a proper element to be considered in determining the value of the parent's life to the child, and as measuring the child's pecuniary loss (8 Cal. Jur., p. 1036; *Simoneau* v. *Pacific Electric Co.*, 166 Cal. 264 [49 L. R. A. (N. S.) 737, 136 Pac. 544]). ■ Appellant does not question the foregoing rule except that it contends that such evidence is admissible only where the permanent afflictions existed at the time of the commission of the tortious act, and not where the same arose subsequent thereto, even though they may have existed at the time of death. Appellant cites no authority to support its contention, and the rule as stated in *Simoneau* v. *Pacific Electric Co.*, *supra*, appears to be otherwise, for it is there said: "The cause of action of the family of the deceased arose immediately upon the death and the defendant became then responsible to them in damages for the probable pecuniary loss suffered by them in being deprived of the future support, care, comfort, and society of the deceased. But this pecuniary loss was to be determined by conditions *existing at the time of the death of the deceased*, taking into consideration in measuring it these prospective benefits which the members of the family were deprived of by his death." (Italics ours.) In the case at bar the daughter's affliction did not arise subsequent to the death of her mother. She was permanently crippled by the identical blow which brought about the subsequent death of the mother, and this condition continued up to and existed at the time of such death, at which time only did the cause of action in favor of the child, as an heir, arise. If, therefore, as declared in the case cited, the pecuniary loss of the child is "to be determined by conditions existing at the time of the death of the deceased" the evidence was admissible. Moreover, the main reason given by the courts for the exclusion of evidence of permanent afflictions of an heir which occurred after the death of the deceased is that it has a tendency to "arouse the sympathy of the jury to

the end that they might improperly enhance the amount of damages to be awarded beyond what the competent evidence in the case would have permitted'' (*Simoneau* v. *Pacific Electric Co., supra; Green* v. *Southern Pacific Co.,* 122 Cal. 564 [55 Pac. 577]); but it is evident that in the present case the testimony in question, even if erroneously admitted, did not operate to appellant's injury, for the reason that it appears from the written opinion filed by the trial court that, in measuring the probable pecuniary loss which it believed the three children sustained on account of their mother's death, it treated the condition of all three children on an equal basis, as being normal, and made no extra allowance because of the crippled condition of this particular child; and although, as appellant suggests, a written opinion of the trial court constitutes no part of the record on appeal, still, as has been held, counsel may cite it in argument, as they may any other opinion given at *nisi,* and it may sometimes aid the court in a solution of the question upon or to which it is cited (*White* v. *Merrill,* 82 Cal. 14 [22 Pac. 1129]).

■ The map which appellant claims should have been excluded is the recorded map referred to in our decision in the other case. It was offered and received in evidence in the present case with relation to the issue as to whether Bonita Avenue crossing, where the accident occurred, was of the character contemplated by the provisions of section 486 of the Civil Code, which requires railroad companies to sound warning by locomotive bell or whistle, upon the approach of its trains at the crossing of ''any street, road, or highway''; and we are of the opinion that for such purpose the map was clearly admissible. ■ It showed that Bonita Avenue, on both sides of the boundaries of the railroad's right of way, had been dedicated to public use by the owners of the land over which it was laid out and built, and duly accepted on behalf of the county by the board of supervisors many years prior to the happening of the accident; and it was further shown in connection therewith that although the Railroad Company may not have expressly joined in the dedication of that portion of Bonita Avenue lying exclusively within the confines of the railroad's right of way, it nevertheless treated said crossing, for a considerable length of time prior to the accident, as an open one and had

knowledge of its general use by the public. Therefore, under the authorities cited in our decision in the companion case, Bonita Avenue was to all intents and purposes a "street, road, or highway" within the meaning of said section 486 of the Civil Code, irrespective of whether the particular portion thereof lying within the boundaries of the railroad's right of way was a public highway, as found by the trial court, or a private way, as appellant contends.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court in February 11, 1929.

All the Justices present concurred.